In the Matter of the Estate of NATHAN FLEISCHER, Deceased.

Surrogate's Court, New York County, July 24, 1924.

**Taxation — transfer tax — fund set up to yield annuity chargeable with deductions for transfer tax, and commissions under Surrogate's Court Act, § 285 — amortization of tax should be deducted·from income of reduced fund — transfer tax on remainder is payable by remaindermen and not by beneficiary.**

A fund directed to be set up to pay a specified sum annually to a beneficiary for life is chargeable with the transfer tax on beneficiary's interest, and commissions under section 285 of the Surrogate's Court Act, and from the income so reduced the annual amortization of tax should be deducted; said legacy is not in fact an annuity, but a bequest of income.

The transfer tax on the remainder is payable by the remaindermen and not by the beneficiary.

APPLICATION of legatee to compel payment of annuity.

*Cook, Nathan & Lehman,* for the executors.

*Lafayette B. Gleason,* for the State Tax Commission.

FOLEY, S.:

This is an application by a legatee to compel the payment of an annuity of $2,000, subject only to deductions on account of the Federal income tax and a sum sufficient to amortize the transfer tax.   The annuity is given in a codicil which reads, in part, as follows: " I direct my said trustees to pay to my cousin, Jennie Bastyr, daughter of Rose Abeles, the sum of two thousand dollars ($2,000) per year in quarterly payments of five hundred dollars ($500) each, beginning three months after my death, as long as she shall live.   *   *   *   I direct my said trustees to set apart from my residuary personal estate such funds as in their judgment shall be sufficient when invested to produce as income the said annuity, and said funds shall, subject to the payment of said annuity, fall into the residue of my personal estate."

To provide for the annuity the trustees set apart funds in the sum of $38,036.35.   This was sufficient to produce the annuity directed to be paid by the codicil.   The transfer tax valuation of the annuitant's interest was fixed at $27,108, and the tax thereon assessed at $1,476.48.   The tax on the remainder was $327.85. The total tax, amounting to $1,804.33, was deducted by the trustees

from the fund as set up, and the income earned by the reduced fund amounts to $1,925 per year. From this amount the trustees deducted the annual amortization obtained by dividing the tax on the annuitant's interest by the number of years of expectancy of her life. The petitioner claims that the transfer tax should be paid by the residuary legatees and the tax assessed upon her life interest should be amortized by deductions from the full annuity of $2,000. The proper method of amortizing the transfer tax paid on the annuitant's interest is set forth in *Matter of Tracy* (179 N. Y. 501) and in *Matter of United States Trust Co.* (86 Misc. 603). The trustees have as to the annuity followed the rule there laid down, but have erred in deducting from the fund set up the total tax assessed against both the annuitant and the remaindermen. In *Matter of Maresi* (74 App. Div. 76) it was held that the tax assessed against the annuitant is payable from the fund set up, but the tax on the remainder should be paid by those entitled to the transfer of that part of the fund.

In this case, therefore, the sum of $327.85 should not have been deducted from the fund set up, but should have been paid by the residuary legatees, who take as transferees both the remainder and the residuary estate. The fund must, therefore, be reimbursed in the sum of $327.85. While the testator calls the legacy to Jennie Bastyr an annuity, the effect of his codicil is to bequeath her the income on a fund sufficient to yield $2,000 a year. The trustees were correct in first setting up the fund, and the income received is subject to the deductions made, including commissions. (*Matter of Tracy, supra;* Surrogate's Court Act, § 285.) The case of *Ex parte McComb* (4 Bradf. 151), relied upon by the attorney for the petitioner, was decided in 1856, long before the enactment of a Transfer Tax Law. It has been entirely overruled by the decision of the Court of Appeals in *Matter of Tracy* (*supra*).

Submit decree on notice accordingly.