In the Matter of the Estate of JOHN H. MURPHY, Deceased.

Surrogate's Court, New York County, December 9, 1924.

Taxation — transfer tax — beneficiary of trust who is also executor received certain sum per month for life — tax thereon payable from corpus of trust and cannot be deducted from income or commissions due beneficiary — another beneficiary received certain sum per month for life and also specific legacy — total tax may not be deducted from specific legacy — tax against life interest must be paid from trust fund — ratio for payment of total tax.

Where the beneficiary of a trust, who is also an executor, is to receive under the will a certain sum per month during his lifetime, the transfer tax on the principal should be paid from the corpus of the trust fund and cannot be deducted from the income or from the commissions due the beneficiary as executor.

Where another beneficiary under the same will is to receive a certain sum per month for life, and in addition thereto a specific legacy, the total tax thereon may not be deducted from the specific legacy. The tax against the life interest must be paid from the corpus of the trust fund.

Since the second beneficiary, a sister of the testator, is, as to her life interest, in the two per cent class, while the aggregate transfer to her subjects part of the amount to the secondary rate of three per cent, in order to equitably adjust the effect of the increased graded rate, the total tax paid against her aggregate transfer should be divided in the ratio between the pecuniary legacy received by her and the total value of the two transfers.

PROCEEDING for an accounting.

*Joseph H. Fargis*, for the executors.

*Gillespie & O'Connor* [*George J. Gillespie* and *William F. Delaney* of counsel], for the Catholic Charities of the Archdiocese of New York.

*Edward H. Daly*, for the Roman Catholic Orphan Asylum. in the City of New York.

FOLEY, S.:

The questions arising upon this accounting are disposed of as follows:

The compensation of the executor, Joseph H. Fargis, as attorney, is fixed as set forth in the account.

The personal claim of Joseph F. Murphy, executor, is approved and allowed under the provisions of section 212 of the Surrogate's Court Act at $2,481.04.

(1) A question has arisen as to the manner in which the transfer tax assessed against the brother of the decedent is charged. By paragraph 4 of the will the testator gave all the rest, residue and remainder of his estate to his trustees, and directed that out of

MATTER OF MURPHY. **673**

Misc. 672]    Surrogate's Court, New York County, December, 1924.

the net income received by them they pay to his sister, Rose Anna Murphy, $500 a month for life, and to his brother, Joseph F. Murphy, $1,000 a month for life. The will further directed that any surplus income was to be divided yearly among certain religious institutions. Upon the death of either of the life beneficiaries, the income payable to the one so dying was directed to be paid to the same religious institutions. The remainder was directed to be divided, upon the death of the survivor of the two life beneficiaries, among a number of charitable and religious institutions.

There was assessed as the transfer tax against the life interest of Joseph F. Murphy in this trust the sum of $4,112.09. The executors paid this amount out of the funds of the general estate, but it is now sought to charge that amount against the commissions payable to Joseph F. Murphy in his capacity as executor. On the other hand, Joseph F. Murphy contends that the amount of this tax should be paid out of the corpus of the trust fund, part of the income of which is payable to him. In my opinion this contention is correct and the tax cannot be deducted from income or from the commissions due him. This was the rule laid down in *Matter of Tracy* (179 N. Y. 501, 509) following *Matter of Vanderbilt* (172 id. 69). The gift of income under the terms of the will to Joseph F. Murphy is not an annuity, but is a stated payment of $1,000 per month out of the net income earned on the trust. (*Matter of Kohler*, 193 App. Div. 8, 12; revd., on other grounds, 231 N. Y. 353.) The authorities dealing with the method of amortizing the transfer tax against an annuitant are, therefore, not applicable to the present estate. (*Matter of Fleischer*, 125 Misc. 321.) The objection is sustained and the transfer tax of $4,112.09 is directed to be charged out of the corpus of the trust.

(2) The remaining question has to do with a substantially similar dispute as to the method of charging the transfer tax assessed and paid as against Rose Anna Murphy, the sister of the decedent. Under the will she received a legacy of $5,000. Under the will she also received the income of $500 per month under similar terms to the $1,000 directed to be paid monthly to John F. Murphy. The periodical payment to Rose Anna Murphy was to be paid out of the same trust fund as that to Joseph F. Murphy. The executors have deducted from her legacy of $5,000 the total tax assessed against both transfers to her. This was erroneous for the reasons given by me in discussing the tax against the transfer to Joseph. The tax against the life interest of Rose in the trust must be paid out of the corpus of the trust fund. (*Matter of Tracy, supra.*) The order fixing tax, however, assessed the tax against

43

Surrogate's Court, New York County, March, 1925.　　　[Vol. 124

the aggregate of the two transfers to Rose. As a sister she was in the two per cent class, but the aggregate transfer to her subjected part of the amount to the secondary rate of three per cent. The total amount assessed by the order was $1,749.11. After deducting the discount of five per cent for prompt payment, there was paid by the executors the sum of $1,661.66. In order to equitably adjust the effect of the increased graded rate, I direct that the total tax paid against her aggregate transfer be divided in the ratio between the pecuniary legacy received by her and the total value of the two transfers. Under this rule, therefore, there should be deducted and paid out of her legacy of $5,000 the sum of $124.28. The balance of $1,537.38 is to be paid out of the corpus of the trust.

Submit decree accordingly.