In the Matter of the Estate of JAMES M. ANDREWS, Deceased.

Surrogate's Court, Saratoga County, October 20, 1925.

**Taxation — transfer tax — will directed payment of annuity to named beneficiaries with residue of estate over to Union College — transfer tax on amount required to establish annuity payable from corpus of trust — rules relating to amortization of transfer tax against annuitants not applicable.**

Under a will by which the testator gave an annuity to named beneficiaries with the residue of the estate over to Union College, the transfer tax on the amount required to establish the annuity is payable from the corpus of the trust.   The rules relating to the amortization of the transfer tax against annuitants are not applicable.

TRANSFER tax proceedings involving construction of will.

*Brackett & Eddy,* for the executor.

*Baldwin, Hutchins & Todd* [*Matthew G. Herold* of counsel], for Union College.

*Butler, Kilmer & Corbin* [*Charles L. Hoey* of counsel], for James M. Andrews and others.

TUCK, S.:

In the will of James M. Andrews, deceased, appear the following provisions:

"*First.* After my lawful debts are paid I give, devise and bequeath to my sister Ella M. T. Breckenridge, of the city of New

York, the sum of Three Thousand ($3,000.00) dollars a year to be paid her quarterly in advance out of my estate and, if in the opinion of my executors, the sum above named should not be sufficient for her needs, the amount may be increased to Four thousand ($4,000.00) dollars, as long as she shall live.

"I desire that my brother, George Sanford Andrews, shall receive an income from my estate of at least fifty dollars a month and, if in the opinion of my executors, he shall require a larger sum it may be increased to double that amount, to be paid him in monthly payments in advance as long as he shall live."

The will contains the following language also applicable to the quotations above outlined: "It is my design that these legacies be paid out of the income derived from my estate."

A question arises as to the payment of the transfer tax on the two bequests above set forth.

The decedent gives the residue of his estate to Union College. There is no provision in the will for the payment of the transfer tax.

It is contended by the attorneys for the executor that the tax should be paid out of the corpus of the estate. The attorney for the residuary legatee urged that the tax should be paid out of the funds set apart for creating the annuity which, in this case, will be the residuary estate, and that the trustees should deduct from the payments made to each of the annuitants the annual amortization obtained by dividing the tax on the annuitants' interest by the number of years of expectancy of their respective lives.

The instant case appears to be on fours with *Matter of Murphy* (124 Misc. 672), and the court accordingly holds that the transfer tax upon the legacies hereinbefore set forth to Ella M. T. Breckenridge and George Sanford Andrews is payable from the corpus of the trust and that the authorities dealing with the amortization of transfer tax against annuitants are not applicable to this case.

Decree accordingly.