In the Matter of the Estate of FRANCIS A. PROVOT, Deceased.

Surrogate's Court, New York County, April 19, 1946.

*Douglas, Armitage & Holloway* for City Bank Farmers Trust Company and another as sole surviving executors and Edith M. Douglas and another as executors of Archibald Douglas, deceased executor, petitioners.

*Saxe, Bacon & O'Shea* for Trustees of Columbia University in the City of New York, respondents.

DELEHANTY, S. After making comparatively small bequests out of his substantial estate deceased provided:

" I give, devise and bequeath all the rest, residue and remainder of my estate, of whatsoever kind and wheresoever situate, to the City Bank Farmers Trust Company of New York City, to Archibald Douglas and to Paul Armitage, in trust, nevertheless, to invest and reinvest the same and keep the same invested and pay over the net income or avails thereof and the net principal thereof as follows:

" (a) I direct my trustees to pay over to my friend, Odette Geslin, whose present address is 214 Boulevard Raspail, Paris, France, annually the sum of four thousand dollars ($4,000.00), in quarterly installments, and I direct that it be paid out of the income of the said trust, but if in any one year the income of the trust is not sufficient, then I direct that the deficit be made up out of the principal of the said trust fund.

" (b) All the rest, residue and remainder of the net income of the said trust I direct to be paid over annually to the said Odette Geslin, and upon her death then I direct my said trustees to pay over all the principal of said trust to Columbia University in the City of New York."

The tax authorities have computed the amount of estate tax and the question presented is how such tax shall be paid.

The executors and the charitable remainderman assert that what is provided here for the life beneficiary of income is an annuity and that the taxes imposed because of the rights of the life tenant (the remainder gift being exempt from tax) should be reimbursed to capital annually out of any principal appropriated under paragraph (a) of the quoted text. These parties contend that the situation is governed by *Matter of Tracy* (179 N. Y. 501) which is mentioned in the note of the Commission to Investigate Defects in the Law of Estates appended to section 124 of the Decedent Estate Law when it was presented to the Legislature for enactment. The income beneficiary has filed no formal appearance but informally protests against any burden of her interest by tax deduction. The court is bound under the statute to ascertain and to apply the correct rule in any case.

It is to be noted that deceased did not refer to his provision for the income beneficiary as an annuity. It seems patent from his text that he expected that in general the income of the residuary would be adequate to pay the sum of $4,000 annually. He envisaged the possibility that in particular years the income might not be sufficient and in that circumstance directed that the deficiency be made up out of principal. His thought on the subject is clarified by his subdivision (b) in the quoted text which makes it clear that if the income exceeded $4,000 annually the income beneficiary would have it all. Under such a plan it would be a misnomer to call the provisions for the life beneficiary a common-law annuity such as the $300 annuity considered in *Matter of Tracy* (*supra*). Even the express use of the word " annuity " has been held often to be a misnomer and not to be a definition of the rights of so-called " annuitants ". (See *Matter of Hastings,* 183 Misc. 520, and cases there cited.) In view of the tenor of deceased's will so much of the note of Decedent Estate Commission appended to section 124 of the Decedent Estate Law as refers to " a common law annuity " is held to be inapplicable as a guide.

The note is at best only an aid in determining the meaning of the legislation. The 'text of legislation must in the sequel furnish its own meaning. In that text the ordinary rule of apportionment is made subject to an exception stated thus: " * * * in cases where a trust is created, or other provision made whereby any person is given an interest in income, or an estate for years, or for life, or other temporary interest in any property or fund, the tax on both such temporary

interest and on the remainder thereafter shall be charged against and be paid out of the corpus of such property or fund without apportionment between remainders and temporary estates.''

The court holds that such exception is here applicable and that the estate taxes due to the grant to the life beneficiary of income rights and supplementary rights in principal are chargeable wholly to the capital of the residuary trust without obligation to make any refund whatever. Clearly the beneficiary takes pursuant to the trust and she has '' an interest in income '' within the terms of section 124 of the Decedent Estate Law.

Submit, on notice, decree settling the account and determining the impact of estate taxes accordingly.