[Civ. No. 16539. Second Dist., Div. Two. Oct. 26, 1948.]

SECURITY FIRST NATIONAL BANK OF LOS ANGELES, Respondent, v. ELMER S. WELLSLAGER et al., Defendants; LUTHER M. GRIMES et al., Appellants.

Luther M. Grimes, in pro. per., and Lyman A. Garber for Appellants Grimes.

Johnson & Ladenberger, Schweitzer & Schweitzer and Brady & Nossaman for Appellants Coe College et al.

No appearance for Respondent.

WILSON, J.—On August 6, 1938, Emma W. Whisenand created a revocable trust with the Security-First National Bank of Los Angeles. The declaration of trust provided for the payment of the income from the trust estate to the trustor during her lifetime and for the disposition of the property upon her death. The trustor died on October 3, 1944, leaving an estate which was subject to federal estate taxes in addition to the trust estate. This action for declaratory relief was brought by plaintiff Security-First National Bank of Los Angeles, as trustee, for the purpose of having the court construe the declaration of trust, together with the amendments thereto, particularly with respect to the payment and apportionment of the federal estate taxes.

From a judgment ordering such taxes to be apportioned and prorated in accordance with the provisions of sections 970 to 977, inclusive, of the Probate Code and awarding plaintiff $2,500 as counsel fees to be paid in the same manner and out of the same fund as other expenses are paid, defendants Luther M. Grimes and Jessie T. Grimes appeal. Defendants Coe College, Plymouth Congregational Church and Pomona College appeal from that portion of the judgment allowing counsel fee to plaintiff insofar as it failed to decree that such fee, together with costs and disbursements, shall be paid pro rata by all the persons and corporations interested in the trust estate whose interests under the trust were or might be affected by apportionment or proration of the federal estate tax.

The declaration of trust provides, in paragraph (10) thereof, as follows: ''The Trustee shall pay out of principal, to the extent that this trust shall be included in the gross estate of the Trustor for the purpose of determining estate taxes, a ratable share of such taxes based upon the value of the trust estate and of the Trustor's estate as determined for estate tax purposes by the authority assessing such tax.''

It is conceded by both appellants and respondents that the trust estate shall bear its ratable share of the federal estate tax. The only controversy upon this point is whether the tax should be paid out of the residue of the trust estate or apportioned among the beneficiaries in accordance with the pro-

visions of sections 970 to 977, inclusive, of the Probate Code.

Paragraph (4) of the trust instrument, pertaining to the disposition of the property after the trustor's death, was entirely rewritten by an amendment dated August 16, 1939, and the provisions of that paragraph relative to the benefits to one of the named beneficiaries were modified by an amendment dated April 24, 1940. In general, these provisions as amended provide (1) for the payment of certain specified sums, subject to deduction for inheritance taxes, to 23 ·designated beneficiaries, among whom are defendants Luther M. Grimes and Jessie T. Grimes, (2) from the remaining trust estate, the payment of $3,000, subject to deduction for inheritance taxes, to each of six named Iowa institutions and (3) if any trust estate remains the residue, also subject to inheritance taxes, to go in equal shares to Coe College, Cedar Rapids, Iowa, Pomona College, Claremont, California, and Plymouth Congregational Church, Des Moines, Iowa.

Section 970* of the Probate Code provides that in the absence of a direction by the trustor to the contrary, the federal estate tax "shall be equitably prorated among the persons interested in the estate to whom such property is or may be transferred or to whom any benefit accrues." Section 977 defines "person interested in the estate" as "any person who receives or is the beneficiary of any property transferred pursuant to a transfer which is subject to a tax imposed by any Federal estate tax law, now existing or hereafter enacted." Section 972 provides that "[i]n making a proration allowances shall be made for any exemptions granted by the act imposing the tax and for any deductions allowed by such act for the purpose of arriving at the value of the net estate."

Similar statutes have been enacted in other states. Their purpose is to apportion equitably the burden of the tax so that it is borne commensurately by those whose gifts con-

---

*"§ 970. Whenever it appears upon any accounting, or in any appropriate action or proceeding, that an executor, administrator, trustee or other fiduciary has paid an estate tax to the Federal Government under the provisions of any Federal estate tax law, now existing or hereafter enacted, upon or with respect to any property required to be included in the gross estate of a decedent under the provisions of any such law, the amount of the tax so paid, except in a case where a testator otherwise directs in his will, and except in a case where by written instrument executed *inter vivos* direction is given for apportionment within the fund of taxes assessed upon the specific fund dealt with in such *inter vivos* instrument, shall be equitably prorated among the persons interested in the estate to whom such property is or may be transferred or to whom any benefit accrues."

tribute to the tax burden and there is eliminated from such burden all whose legacies do not in any way create or add to the tax. (*Re Harvey's Estate,* 350 Pa. 53 [38 A.2d 262].) The right of the states to enact legislation apportioning the estate tax burden has been upheld. (*Riggs* v. *Del Drago,* 317 U.S. 95, 97-98 [63 S.Ct. 109, 87 L.Ed. 106, 111, 142 A.L.R. 1131].)

 The effect of section 970 is to place the burden of the tax upon the beneficiaries whose gifts cause the liability for it to be incurred, in the absence of a contrary direction by the trustor. The parties have stipulated that the three residuary beneficiaries are of such character that bequests, legacies, devises or transfers to them are deductible for federal estate tax purposes. Thus they have not received any transfer which is subject to a tax imposed by any federal estate tax law and perforce none of the tax was incurred on behalf of any of the three residuary beneficiaries.

### THE GRIMES APPEAL

Section 970 of the Probate Code became effective after the trust and the amendments thereto were executed but some 14 months prior to the trustor's death. Appellants Luther M. Grimes and Jessie T. Grimes contend (1) that the provisions of section 970 do not apply because the statute was enacted after the trust agreement was executed and that if the statute were applied it would operate to divest the beneficiaries of a vested interest and (2) that it is clearly shown in the declaration of trust that it was the trustor's intent that the tax be paid ''out of principal'' which, appellants argue, means that the payment of the tax shall precede the allocating of funds to any gifts which are in the nature of general legacies.

 Appellants' contention that to apply the provisions of that section would give the statute a retroactive effect because it would deprive appellants of a vested right is untenable. The trust was revocable. The trustor retained the power and control of the trust estate and could with a stroke of the pen have divested the beneficiaries of their interest. The federal estate tax is not an inheritance tax; it is a tax on the interest which is shifted, an excise upon the transfer of an estate on the death of the owner. (*Y.M.C.A.* v. *Davis,* 264 U.S. 47, 50 [44 S.Ct. 291, 68 L.Ed. 558, 560]; *United States Trust Co.* v. *Helvering,* 307 U.S. 57, 60 [59 S.Ct. 692, 83 L.Ed. 1104, 1107]; *Chase National Bank* v. *United States,* 278 U.S. 327, 334 [49 S.Ct. 126, 73 L.Ed. 405, 407].)

In *Chase National Bank* v. *United States, supra,* which involved a tax on the proceeds of insurance policies in which the insured reserved the right to change the beneficiary, the court said: "It is true, as emphasized by plaintiff, that the interest of the beneficiaries in the insurance policies effected by decedent 'vested' in them before his death and that the proceeds of the policies came to the beneficiaries not directly from the decedent, but from the insurer. But until the moment of death the decedent retained a legal interest in the policies which gave him the power of disposition of them and their proceeds as completely as if he were himself the beneficiary of them." (278 U.S. p. 334, 73 L.Ed. p. 407.)

In the case of *Saltonstall* v. *Saltonstall,* 276 U.S. 260, 271 [48 S.Ct. 225, 72 L.Ed. 565, 568], involving a succession tax imposed upon the beneficiaries of a revocable trust, the argument was advanced that the beneficiaries had a vested interest which was subject only to being divested by the exercise of the reserved power, which was never exercised, and that as their remainders vested before the enactment of the taxing statute it could not be constitutionally applied to them. The court, in upholding the constitutionality of the tax, stated: "So long as the privilege of succession has not been fully exercised it may be reached by the tax (citing cases). And in determining whether it has been so exercised technical distinctions between vested remainders and other interests are of little avail, for the shifting of the economic benefits and burdens of property, which is the subject of a succession tax, may even in the case of a vested remainder be restricted or suspended by other legal devices. A power of appointment reserved by the donor leaves the transfer, as to him, incomplete and subject to tax. *Bullen* v. *Wisconsin,* 240 U.S. 625, 60 L.Ed. 830, 36 S.Ct. 473. The beneficiary's acquisition of the property is equally incomplete whether the power be reserved to the donor or another. And so the property passing to the beneficiaries here was acquired only because of default in the exercise of the power during the donor's life and thus was on his death subject to the state's power to tax as an inheritance."

In *Reinecke* v. *Northern Trust Co.,* 278 U.S. 339, 345 [49 S.Ct. 123, 73 L.Ed. 410, 414], which cites both the Chase National Bank and Saltonstall cases, *supra,* the court stated: ". . . a transfer made subject to a power of revocation in the transferrer, terminable at his death, is not complete until his death. Hence section 402, as applied to the present trans-

fers, is not retroactive, since his death followed the passage of the statute.''

From the foregoing it is apparent that insofar as liability for taxes is concerned it is immaterial whether the beneficiaries had a ''vested interest'' as claimed by appellants and the cases cited by them in support of that contention are not applicable.

Both parties are in agreement that the provisions of section 124 of the New York Decedent's Estate Law are similar to those of sections 970 to 977 of our Probate Code. The applicability of the New York apportionment statute to *inter vivos* trusts created prior to the effective date of the statute has been repeatedly upheld. In *Re Ryle's Estate,* 170 Misc. 450 [10 N.Y.S.2d 597, 603], it was held that a decedent creating during his lifetime an irrevocable trust of which he reserved the right to change beneficiary and to alter participations in the fund would be held to have contemplated the exaction of death duties when he died under the law existent at his death, as respects apportionment of federal and state estate taxes. A similar holding is found in *Re Appel's Estate,* 69 N.Y.S.2d 772, 775. See also *Re Mayer's Estate,* 174 Misc. 917 [22 N.Y.S.2d 468] ; *Central Hanover Bank & Trust Co.* v. *Peabody,* 68 N.Y.S.2d 256 ; *Re Scott's Estate,* 158 Misc. 481 [286 N.Y.S. 138], aff'd. 249 App.Div. 542 [293 N.Y.S. 126], aff'd. 274 N.Y. 538 [10 N.E.2d 538], cert.den. 302 U.S. 721 [58 S.Ct. 41, 82 L.Ed. 557].

The trustor was presumed to know the law, including changes made after the execution of the trust. And since the liability for estate or succession taxes would not be incurred until her death, she must have contemplated that they would be exacted under the laws extant at the time of her death. Although the provisions of section 970 to 977 became effective some 14 months before the trustor's death, she made no change in the declaration of trust after the statute was in effect.

Sections 970 to 977, inclusive, of the Probate Code are applicable and unless in the declaration of trust there can be found a direction for apportionment which will bring it within the exception, the taxes must be prorated in accordance with the provisions of those sections.

Appellants assert that it was the intention of the trustor that the federal estate taxes be paid out of the residue and that a direction to this effect is contained in the declaration of trust. The language to which appellants call our

attention as expressive of the trustor's intent in this regard is found in paragraph (10) quoted above and in paragraph (11) which reads as follows: "Unless otherwise herein specifically provided, the Trustee shall pay out of principal or income, or apportion between them as it may elect, property and other taxes, assessments, charges, expenses and attorneys' fee incurred in the administration or protection of this trust, and the Trustee's compensation as herein fixed. The discretion of the Trustee to pay said items from income or principal, or to apportion between them, may be exercised not only in the interests of the trust estate but for the benefit of any beneficiary."

*Estate of Hotaling,* 74 Cal.App.2d 898 [170 P.2d 111], cited by both parties, involved a will which was executed prior to the date sections 970 et seq., of the Probate Code became effective. The will provided that all inheritance taxes be paid from the same sources as administrative expenses are paid so that the "bequests, devises and benefits under trusts shall be paid and delivered in full and without deduction." No mention was made as to the federal estate taxes and under the law existing at the time the will was executed those taxes would have been charged to the residue. In finding that there was a direction against proration, the court states (p. 902): "Conceding that the testator knew nothing, when he made his will, of the novel provisions of the law then in embryo, if *at that time* he intended his cash legacies should be paid in full without deduction for *any* taxes that intention should be given effect although he made no express mention of the federal estate tax. The words 'so that said bequests, devises and benefits under trusts shall be paid and delivered in full and without deduction' are all-inclusive and are certainly sufficient to show the intent that the legacies should be burdened with *no* taxes whatever. Instead of contemplating proration they *'otherwise direct.'* . . . It may be conceded that, but for an effective direction in the will, the federal estate tax herein would have to be prorated equitably in accordance with values as of the date of death. The only question presented is whether it was the testator's intention as expressed in his will (*Estate of Lawrence,* 17 Cal.2d 1 [108 P.2d 893]; Prob. Code, § 101) *that it should not be prorated at all,* and this intention, as we have seen, is to be determined as of the making of the will." (Emphasis in the opinion.) In the case before us, there is no direction that the legacies should not be burdened with taxes. Indeed on the

contrary, paragraph (4) of the trust provides that payments to the beneficiaries shall be "subject to such deduction for any inheritance tax which the Trustee shall have been required to pay thereon."

Several New York cases are cited by appellants as upholding their assertion that it was the intention of the trustor that the burden of the federal estate tax be borne by the residuary beneficiaries. These cases are either readily distinguishable or hold *contra* to appellants' contention.

*Re Aldrich's Will*, 259 App.Div. 162 [18 N.Y.S.2d 420] and *Re Greenwald's Estate*, 53 N.Y.S.2d 937, are similar, the latter citing and following the Aldrich case. The Greenwald case involved a will and insurance benefits and the Aldrich case involved a will and two *inter vivos* trusts. The will in each case provided that all taxes be paid out of the *residuary estate*. In both cases the court held there should be no apportionment. *In re Durkee's Estate*, 47 N.Y.S.2d 721, there was a will and an *inter vivos* trust, the will providing for the payment of taxes out of the general estate as an expense of administration. The court held that there should be no apportionment on the testamentary gift but the trust was required to contribute its ratable share. *In re Halle's Estate*, 51 N.Y.S. 2d 375, the will provided that all taxes be paid out of the residuary estate. The court, however, did not follow the ruling in the Aldrich case, *supra*, stating that that case applied only to the particular will and the facts involved therein. The beneficiary of a joint bank account was required to pay her proportionate share of the tax. *Re Hund's Will*, 266 App.Div. 379 [42 N.Y.S.2d 505] and *Re James' Estate*, 40 N.Y.S.2d 4, are similar. There was a direction in each will to pay out of "funds," of the estate, all debts, funeral expenses, inheritance, succession and estate taxes. In each of these cases the court held that because the testator had bracketed the taxes with debts and funeral expenses, which would be paid out of the residuary estate, it must have been his intention to have them paid out of the same fund.

■ The intent of the trustor must be ascertained from the instrument alone. (*Estate of Hoytema*, 180 Cal. 430, 432 [181 P. 645]; *Estate of Spreckels*, 162 Cal. 559, 567 [123 P. 371]; *Estate of Baldwin*, 69 Cal.App.2d 760, 766 [160 P.2d 124].)

■ In the instant case the trust instrument provided that "the Trustee shall pay out of *principal* its ratable share of the tax,"—not out of the residue. In Webster's New International Dictionary, second edition (p. 1966) the principal "of an

estate or portion of an estate of a decedent" is defined as "the corpus, or main body of the estate, portion, devise, or bequest; —distinguished from *income*," whereas the residue is defined (p. 2120) as "that which remains after a part is taken, separated, removed, or designated; remnant; remainder; rest . . . The part of a testator's estate, or of any part thereof, remaining after the satisfaction of all debts and previous devises and bequests."

The direction for apportionment required by the statute is an apportionment "within the fund." Obviously the statute does not contemplate an apportionment between principal and income but refers to apportionment among the beneficiaries, since in the absence of such a direction the statute provides the taxes shall be apportioned among all the persons interested in the estate. The persons interested are the beneficiaries subject to payment of the federal estate tax. (Prob. Code, § 977.) The trustor directed that the taxes be paid out of the principal of the trust estate but there was no direction that they be paid out of that part of the principal which would constitute the residue so that they would be borne by the residuary beneficiaries.

*In re Dennis' Estate,* 184 Misc. 178 [53 N.Y.S.2d 797], cited by appellants, it was held that where a will contained no express directions exempting the remaindermen from the burden of paying estate taxes, any intention of the testator with respect thereto must be determined from the provisions of the will as a whole "in the setting of law and fact" at the time when the will was made; failure of the will, drafted by an experienced lawyer, to contain language shifting the burden of paying estate taxes from the remaindermen must be deemed to show intent of the testatrix to follow the then general practice in leaving taxes to be paid as usual by residuary legatees. We do not agree with this decision in applying the provisions of section 970 of the Probate Code. The statute specifically provides that there shall be apportionment of the tax among persons interested in the estate (as defined in § 977) unless a "direction is given for apportionment within the fund of taxes assessed upon the specific fund dealt with in such inter vivos instrument." There being no direction in the declaration of trust as to the *apportionment within the fund* of the federal estate taxes, the only direction being that the taxes be paid out of principal, the statute will apply and the taxes will be apportioned in accordance with its provisions.

APPEAL OF RESIDUARY BENEFICIARIES

The only other question raised by this appeal is with respect to the $2,500 attorneys' fee which was ordered paid by plaintiff "in the same manner and out of the same fund that other Trustee expenses are paid." There is no controversy as to the amount or reasonableness of the fee awarded. Appellants Coe College, Pomona College and Plymouth Congregational Church contend these expenses should be borne by all parties whose interests under the trust were or might be affected by apportionment and not paid out of the residue. If they are paid out of the residue, the entire expense would be borne by these three residuary legatees.

Paragraph (11) of the declaration of trust, quoted above, contains directions as to the payment of expenses of administration, including attorneys' fees. Appellants contend that the situation in the instant case is analogous to controversies between the beneficiaries of principal and income accounts respectively as to which account should bear the expense of litigation, and cite cases in which the expense of litigation has been charged against the principal account as an extraordinary expense or apportioned between the two accounts. In this case there are no life tenants and remaindermen, no beneficiaries of the income account as distinguished from the principal account. The court below has ordered the fee paid out of the same fund as other trustee expenses are paid, which is the corpus or principal.

The judgment is correct. The attorneys' fee is properly chargeable to the principal of the trust estate as an administrative expense. (*Estate of Gartenlaub,* 185 Cal. 648, 655 [198 P. 209, 16 A.L.R. 520]; *Estate of Duffill,* 188 Cal. 536, 557 [206 P. 42].) Nowhere in the trust instrument is there shown any intention on the part of the trustor that any part of the attorneys' fees or administrative expenses should be charged against the specific bequests. The fact that by paying these fees out of principal the residue will be decreased by that amount and that the practical effect will be that they will be borne by the residuary beneficiaries is immaterial.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.

Appellants' (Grimes) petition for a hearing by the Supreme Court was denied December 23, 1948.