In the Matter of the Accounting of MOLLIE GLAUBER et al., as Executors of EMANUEL GLAUBER, Deceased.

Surrogate's Court, New York County, August 22, 1949.

*Marks & Marks* for executors, petitioners.

*Schwartz & Frohlich* for Martha S. Glauber as executor of Stanley E. Glauber, deceased, respondent.

*Gabriel L. Kaplan,* special guardian for William D. Glauber and others, infants, respondents.

FRANKENTHALER, S.   Two questions have been raised in this proceeding to settle executors' accounts, concerning the proper formula to be employed in the apportionment of estate taxes.

As to the first, the court holds that the rule of *Matter of Tracy* (179 N. Y. 501) is applicable to the fixed annual payments required by the express terms of testator's will to be made to LeRoy W. Glauber from the principal of the trust of one fourth of the residuary estate created for his benefit (*Matter of Starr,* 157 Misc. 103, cf. *Matter of Brown,* 65 N. Y. S. 2d 624), and the tax upon said payments is to be repaid to the principal of said trust each year proportionately out of the annual principal payments to him.

As to the manner of determining the effect of the personal exemptions under the New York Tax Law, the court rules that in making the apportionment of the estate tax, each beneficiary is entitled to be credited with the reduction in tax effected by reason of his personal exemption, but only in the tax bracket in which his exemption falls. Accordingly, there should tentatively be computed an initial tax upon the net estate before exemption, which tentative tax then should be apportioned among the several beneficiaries. Each allocated portion is then to be reduced by a sum equal to the amount of the particular exemption multiplied by the rate applicable to the tax bracket in which that exemption falls (which in most instances will be 1%; Tax Law, § 249-n).   The executors are directed to file a recomputation of the tax apportionment.

Objection marked (a) of the special guardian is dismissed for lack of proof.   His objection (b) is sustained, as the court finds that the amount of the attorney's fees reported in the tax proceedings is adequate compensation for the legal services rendered to the estate.   Objection (d) requires no ruling, in view of the executors' agreement to accept commissions in the total amount of $1,000, a sum which is not in excess of the statutory commissions to which they are in any event entitled.

Proceed accordingly.