In the Matter of the Accounting of GUARANTY TRUST COMPANY OF NEW YORK, as Executor of GARVIN THOMAS, Deceased.

Surrogate's Court, New York County, March 8, 1950.

*Harold C. Jesse* for executor, petitioner.

*Logan Fulrath* for David Small, respondent.

*Joseph V. O'Leary,* special guardian for Noel C. Clark and others, infants, respondents.

FRANKENTHALER, S. The question presented herein is whether the beneficiary of a certain testamentary gift is obliged to contribute to the payment of taxes assessed against the estate. If under the terms of the will an annuity was created, the amount of the taxes apportioned to the source of the annuity must be paid initially out of that fund, which, however, would be reimbursed by amortization of the tax out of the periodic payments, the impact of the taxes being thus ultimately borne by the annuitant (*Matter of Tracy,* 179 N. Y. 501; *Matter of Glauber,* 196 Misc. 646). If, on the contrary, the gift must be construed as a *cestui's* interest in a trust, then no part of the tax apportioned to the trust corpus is chargeable to the beneficiary, the statute (Decedent Estate Law, § 124) providing in part that " in cases where a trust is created, or other provision made whereby any person is given an interest in income, or an estate for years, or for life, or other temporary interest in any property or fund, the tax on both such temporary interest and on the remainder thereafter shall be charged against and be paid out of the corpus of such property or fund without apportionment between remainders and temporary estates."

The testator, a Kentucky resident, directed that the will be construed according to New York law.

With respect to the gift in question, the testator provided as follows: " I direct that my said faithful chauffeur, David Small, of Wick, Scotland, shall receive from my estate the sum of three hundred dollars ($300) per month so long as he shall live * * *. To that end I direct that if said David Small shall survive me a trust fund (sic) of Two Hundred Thousand Dollars ($200,000) be established out of my estate with Guaranty Trust Company of New York as Trustee, to continue during the life of said David Small. * * * The Trustee

shall apply to the use of said David Small out of income of said trust fund '' such sum of $300 monthly. The testator further provided, however, that if the income of the '' trust fund '' shall not be sufficient to enable the trustees to pay over that sum then '' the trustee shall pay to David Small from principal such amounts as will bring the total amounts actually paid over to him to Three Hundred Dollars ($300) per month.'' In the event that the income shall be more than sufficient for the above purpose, other dispositions were made of the surplus.

The court holds that the will creates a trust within the meaning of the statute and grants to the beneficiary '' an interest in income, or an estate for * * * life, or other temporary interest '' in the fund (Decedent Estate Law, § 124; *Matter of Murphy*, 124 Misc. 672; *Matter of Smathers*, 133 Misc. 812; *Matter of Brown*, 65 N. Y. S. 2d 624). No amortization of the tax will be required. The power given to the trustee to invade principal if necessary in order to maintain the monthly payments, does not evidence an intention to create an annuity nor alter the evident character of the interest as one pertaining to income (*Matter of Provot*, 188 Misc. 802). The relationship between the net yearly payments to be made and the size of the fund (a ratio of 1.8%) indicates that in normal years a conservative yield will be more than sufficient to provide for the required payments and indicates an intention on the part of the testator to create a true trust to pay over income. The power to invade is merely a protection to be employed in lean years and does not convert the gift into an annuity (*Matter of Provot, supra; Matter of Michaelis*, N. Y. L. J., Nov. 21, 1946, p. 1406, col. 1).

One practical reason, in the case of a true annuity, for requiring a yearly amortization of the tax is to replenish the fund in order that it may be sufficient to run its full course. Ordinarily, such a fund would diminish in size until, at the end of the estimated life of the annuitant, the fund itself would have been exhausted. If the tax is paid by the annuity fund and not restored out of the yearly payments, the fund might be insufficient to provide any payments in the final years of its predicted life. In the case of a trust such as that involved herein, there is no necessity to restore the amount of the taxes to principal in order to guarantee future payments therefrom as no steady, periodic depletion of principal can reasonably be anticipated.

Accordingly, the amount of the taxes apportioned to the trust will be paid wholly out of principal without restoration of that sum.

The executor, a New York trust company, seeks permission to transfer the balance of the estate to itself as trustee under the will, without first transmitting it to the State of domicile. The court holds that under the circumstances of this case, such a course of action is proper and permission therefor is granted (*Matter of Ruperti,* 194 Misc. 376).

The personal claim of the executor is allowed in the sum requested.

Submit, on notice, decree settling the account and directing distribution accordingly.