[Civ. No. 6024.   Fourth Dist.   Mar. 15, 1960.]

Estate of ABKAR SETRAKIAN, Deceased. HASMIK S. BESOYAN, Appellant, v. DIVISION OF LABOR LAW ENFORCEMENT, Respondent.

L. Kenneth Say for Appellant.

Pauline Nightingale, Conrad Lee Klein, and Joseph Abihider for Respondent.

COUGHLIN, J.—This is an appeal from an order of the probate court, following levy of execution, directing payment of a judgment from certain funds payable to appellant as beneficiary under a spendthrift trust. The judgment in question was the renewal of a judgment entered against appellant and her husband on account of wages due. One of the issues for determination on this appeal is whether this judgment is collectable from the separate property of appellant; the funds being her separate property. The spendthrift trust referred to is set up in the decree of distribution in the above entitled estate pursuant to the last will and testament of Abkar Setrakian. Under this trust, appellant is entitled to $125,000, payable in 14 annual installments of $8,000 and a 15th installment of $13,000. Heretofore it has been determined that these installment payments constitute an interest in the income of the estate. (*Estate of Setrakian,* 169 Cal.App.2d 795, 804 [338 P.2d 247].) Among other things, the trust provides: ''The interests of beneficiaries in principal or income shall not be subject to claims of their creditors or others, nor to legal process, and may not be voluntarily or involuntarily alienated or encumbered.'' Previously the probate court decreed that the foregoing installments were payable from date of death and that any unpaid installments should bear interest at the rate of 4 per cent per annum. In the present proceeding that court ordered the amount of the judgment in question paid from the trust estate, but not exceeding the amount of the above-mentioned payable interest, at 4 per cent per annum, on the accrued unpaid installments. The second issue for determination on this appeal arises out of appellant's contention that, because of the spendthrift provisions of the trust, none of the funds payable to her therefrom are subject to levy under the aforesaid writ of execution.

It is unnecessary for us to decide whether the liability of a wife's separate property for an obligation reduced to judgment must be determined by that judgment (*Turner* v. *Tal-*

*madge,* 42 Cal.App. 794 [187 P. 969]), or may be determined when execution is levied. (*Ackley* v. *Maggi,* 86 Cal.App. 631 [261 P. 311].) The opinion in *Medical Finance Assn.* v. *Allum,* 22 Cal.App.2d Supp. 747, 752 [66 P.2d 761], succinctly presents these conflicting views. In the case at bar, this issue is set at rest by the findings of the trial court that appellant "was personally one of the contracting parties involved in the employment of labor resulting in the judgment" in question. Her contention that there is no evidence to support this finding is without merit. ▮▮▮ On appeal it is the duty of the court to view the evidence in the light most favorable to the respondent, "resolving all conflicts and indulging all legitimate and reasonable inferences to uphold the finding." (*Pewitt* v. *Riley,* 27 Cal.2d 310, 313 [163 P.2d 873].) The complaint seeking recovery on the claims in question named appellant and her husband as defendants; alleged that they orally contracted for the labor which was the basis of those claims; and further alleged that they were indebted on account thereof. The answer thereto filed on behalf of appellant admitted these allegations. Judgment against both defendants followed. Thereafter a renewal judgment was entered against appellant alone. On neither occasion did appellant deny that the obligation was her personal obligation. ▮▮ When a wife joins with her husband in incurring an obligation the ensuing liability is joint and several (Civ. Code, § 158; *Garthofner* v. *Edmonds,* 74 Cal.App.2d 15, 18 [167 P.2d 789]), and her separate estate is subject to its satisfaction. (Civ. Code, § 171; *Hammond Lumber Co.* v. *Danziger,* 2 Cal.App.2d 197, 200 [37 P.2d 517].) The conclusion of the trial court is supported by the evidence and the law.

▮▮ Appellant's second contention, i.e., that the trust funds described in the order are not subject to the judgment in question because of the spendthrift provisions of the trust, likewise is without merit under the findings herein. In its order, the trial court found that the amount of money necessary to support appellant "in accordance with the usual and customary manner in which she and her dependents have been raised, will consume and be equal to the full amount of the principal of the bequest, less inheritance taxes deducted therefrom, but . . . that income of the said trust estate, to wit, accrued interest on unpaid payments is not necessary for her support," and concluded that, under the rule in *Canfield* v. *Security-First Nat. Bank,* 13 Cal.2d 1 [87 P.2d 830], this accrued interest was not protected from a levy of execution

against appellant's property by the spendthrift provisions of the trust. This trust comes within the limitation prescribed by section 859 of the Civil Code which releases the surplus income thereof, i.e., that income beyond the sum necessary for the support of the beneficiary, from the restrictions imposed by its spendthrift terms. (*Canfield* v. *Security-First Nat. Bank*, 13 Cal.2d 1, 13, 17 [87 P.2d 830].) Under the law, appellant was entitled to receive from allocable trust funds, free and clear of the claims of her creditors, an amount sufficient to support herself and those dependent upon her. (*Canfield* v. *Security-First Nat. Bank*, 13 Cal.2d 1, 21 [87 P.2d 830].) Fixing this amount required the application of common sense predicated upon the station-in-life rule. "No absolutely fixed sum can be used to apply to all cases." (*Canfield* v. *Security-First Nat. Bank*, 13 Cal.2d 1, 24 [87 P.2d 830].) Under the evidence in this case, the determination of that amount involved a question of fact upon which the finding of the trial court is determinative. Any excess over the amount fixed constituted "surplus" within the meaning of section 859 of the Civil Code, and was subject to respondent's judgment.

The order appealed from is affirmed.

Griffin, P. J., concurred.

Shepard, J., being disqualified to participate, took no part in this decision.