74 Cal.App.2d 898 (1946)
Estate of FREDERICK CHARLES HOTALING, Deceased. MRS. JOAN RAPP MAYHEW et al., Appellants,
v.
THE BANK OF CALIFORNIA NATIONAL ASSOCIATION (a Corporation), as Executor, etc., et al., Respondents.
Civ. No. 12972. 
California Court of Appeals. First Dist., Div. Two. 
June 17, 1946.
 Cushing & Cushing, Cullinan and Trowbridge & Gorrill for Appellants.
 Matt Wahrhaftig and Ridley Stone as Amici Curiae on behalf of Appellants.
 John A. Grennan, Gavin McNab, Schmulowitz, Aikins, Wyman & Sommer, Nat Schmulowitz, Peter S. Sommer and Sidney F. DeGoff for Respondents.
 GOODELL, J.
 Charles F. Hotaling died on October 30, 1943, leaving a large estate which he disposed of by a will executed on July 9, 1943. Legacies of upwards of $100,000 were left to numerous persons, among whom are the five appellants, whose legacies aggregate $14,500.
 The executors filed with their second account a petition for partial distribution wherein they requested the court to "pro rate the federal estate tax ... among the specific devises and bequests ... in accordance with ... Section 970 et seq. of the Probate Code." From that part of the decree ordering such proration this appeal was taken.
 The 1943 Legislature (Stats. 1943, p. 2740) wrote eight new sections, numbered 970-977, into the Probate Code.
 Section 970 reads: "Whenever it appears upon any accounting, or in any appropriate action or proceeding, that an executor, administrator, trustee or other fiduciary has paid an estate tax to the Federal Government under the provisions of any Federal estate tax law, now existing or hereafter enacted, upon or with respect to any property required to be included in the gross estate of a decedent under the provisions of any such law, the amount of the tax so paid, except in a case where a testator otherwise directs in his will, ... shall be equitably prorated among the persons interested in the estate to whom such property is or may be transferred or to whom any benefit accrues."
 Section 971 reads: "The proration shall be made by the court having jurisdiction in probate of any property in the estate in the proportion, as near as may be, that the value of the property, interest or benefit of each such person bears to the total value of the property, interests and benefits received by all such persons interested in the estate."
 [1] The federal law imposes the estate tax "upon the net estate of the decedent as a unit" (Estate of Miller, 184 Cal. *900 674, 678 [195 P. 413, 16 A.L.R. 694]), and in enacting it Congress "did not undertake in any manner to specify who was to bear the burden of the tax" and "did not contemplate that the Government would be interested in the distribution of the estate after the tax was paid," but "intended that state law should determine the ultimate thrust of the tax." (Riggs v. Del Drago, 317 U.S. 95, 98 [63 S.Ct. 109, 87 L.Ed. 106, 111, 142 A.L.R. 1131].)
 New York in 1930, and Pennsylvania in 1937, enacted legislation settling the "ultimate thrust" of the federal estate tax in those states, but our Legislature did not deal with the subject until 1943, when it patterned the California law largely after the legislation in those two states.
 [2] Our new law, following the New York and Pennsylvania acts, leaves it within a testator's control whether there shall be proration, and the only question to be decided herein is what this testator intended. The appellants contend that he directed that there should be no proration; the respondents contend that he did not so direct.
 The second paragraph of the will reads: "I hereby direct that all of my just debts, funeral and testamentary expenses shall be paid by my Executors, hereinafter named, as soon as convenient after my death, and I hereby will and direct that all inheritance taxes chargeable against any and all bequests and/or devises and/or benefits under trusts made or given by this my Last Will and Testament, and all inheritance taxes chargeable to any and all persons for, upon or by reason of any bequest or bequests, devise or devises or benefits under trusts made or given by this my Last Will and Testament, shall be paid by my said Executors in the same manner as, and from the same source as that from which, the administrative expenses of my estate are to be paid, and that such payments of inheritance taxes shall not be considered as advancements on account of but shall be in addition to the bequests, devises or benefits under trusts out of which they arise, so that said bequests, devises and benefits under trusts shall be paid and delivered in full and without deduction." (Emphasis added.)
 "The question presented on this appeal," say the respondents, "is whether or not in the absence of any specific and unambiguous direction by the testator in his will as to which legatees or devisees shall be charged with the payment of federal estate taxes, the quoted provisions of the will are *901 sufficient to overcome the statutory proration provision. ..." In the first place, this is an overstatement. The statute simply provides for proration "except in a case where a testator otherwise directs in his will." Any language fairly indicating that he does not intend proration would suffice, without further elaboration "as to which legatees or devisees shall be charged," for as long as it is clear that he "otherwise directs," the tax burden will remain, in any given case, where it has always rested, i. e., on the corpus or residue.
 [3a] The respondents' contention may be summed up thus: That because the testator did not in so many words speak of the federal estate tax, but did speak of inheritance taxes, he could not have intended to direct against proration. The trouble with this argument is that proration necessarily means deduction and deduction necessarily means that the legacies can not be "paid and delivered in full," whereas in the concluding nineteen words of the second paragraph the testator definitely directed their payment "in full and without deduction." Such contention denies to this last phrase its full operative effect, contrary to the provisions of section 102 of the Probate Code that "The words of a will are to receive an interpretation which will give to every expression some effect, rather than one which will render any of the expressions inoperative; ..."
 [4a] At the time when this will was drawn, on July 9, 1943, the objective which the testator sought to reach when he directed that the "bequests, devises and benefits ... shall be paid and delivered in full and without deduction" could be fully and completely accomplished without mentioning federal estate taxes at all, for the new California law calling for proration was not then in effect. The "ultimate thrust" or burden of the federal tax fell at that time only where the federal law left it (see Riggs v. Del Drago, supra). [5] Under the law then in effect in this state, which must be referred to and consulted in arriving at a testator's intention (Estate of Axcelrod, 23 Cal.2d 761, 767 [147 P.2d 1]; Estate of Carter, 49 Cal.App.2d 251, 254 [121 P.2d 540]; 26 Cal.Jur. 197, 198, pp. 882, 883; Page on Wills (Lifetime ed.), vol. 2, 939; 2 Schouler on Wills, etc. (6th ed.) 938, 939), a testator would have had to make a special direction to lift the burden of inheritance taxes from individual legacies; but not so as to federal estate taxes, for they were not then spread or prorated. [4b] Placing ourselves, as we should, in the position of *902 this testator on July 9, 1943 (Page, supra, 920; Estate of Wilson, 65 Cal.App. 680, 689 [225 P. 283]), we find that the Legislature had then passed, and the governor had signed, the bill which enacted these eight new proration sections, but they had not yet become law (23 Cal.Jur. 21, 22, pp. 622, 633). This is conceded by the respondents. When the constitutional ninety day period expired, the situation was "'as though the legislature was in session on the day the act took effect, and passed the law on that day'" (Gilmore v. Pearson, 71 Cal.App. 284, 288 [235 P. 665], quoting Nickerson v. Winslow, 22 Wyo. 259 [138 P. 184, 140 P. 834]; People v. Righthouse, 10 Cal.2d 86, 88 [72 P.2d 867].) That was August 4, 1943. A new law "has no force whatever until it goes into effect. ... It speaks from the date it takes effect and not before. '... It does not even operate as notice to persons to be affected by it, ...'" (People v. Righthouse, supra; emphasis added.) At 2 Schouler on Wills etc., 6th edition, sections 938, 939, the author says, "It is also presumed that ... a testator made his will with knowledge of the well-settled law of the State. The maxim that every one is presumed to know the law, applies to existing but not to future enactments. ..."
 [3b] Conceding that the testator knew nothing, when he made his will, of the novel provisions of the law then in embryo, if at that time he intended his cash legacies should be paid in full without deductions for any taxes that intention should be given effect although he made no express mention of the federal estate tax. The words "so that said bequests, devises and benefits under trusts shall be paid and delivered in full and without deduction" are all-inclusive and are certainly sufficient to show the intent that the legacies should be burdened with no taxes whatever. Instead of contemplating proration they "otherwise direct."
 The respondents argue that inheritance taxes are payable as of the date of death. They also point out that the new law expressly provides that it applies only to the estates of persons dying after its effective date. Neither point is controlling.
 [6] Federal estate taxes are not, as respondents themselves argue, inheritance taxes. It may be conceded that, but for an effective direction in the will, the federal estate tax herein would have to be prorated equitably in accordance with values as of the date of death. The only question presented is whether it was the testator's intention as expressed in his will (Estate of Lawrence, 17 Cal.2d. 1 [108 P.2d 893]; Prob. *903 Code, 101 that it should not be prorated at all, and this intention, as we have seen, is to be determined as of the making of the will.
 Authorities from outside jurisdictions have been cited by both sides as bearing upon the construction of this will but nothing will be gained by discussing them for the courts have repeatedly said that "each case depends upon its own peculiar facts ... very little aid can be procured from adjudged cases in the construction of wills." (Estate of Henderson, 161 Cal. 353 [119 P. 496]; Estate of Lawrence, supra; Estate of Axcelrod, supra.)
 Our conclusion renders it unnecessary to pass upon the constitutionality of the new sections, challenged by the appellants (see 5 Cal.Jur. 45, p. 614, and 24 Cal.Jur. 401, p. 432) and, likewise, as to the points raised in the brief of amici curiae.
 That part of the decree appealed from is reversed.
 Nourse, P. J., and Dooling, J., concurred.