98 Cal.App.2d 393 (1950)
Estate of ALICE M. PARKER, Deceased. KATHERINE DUDLEY STEWART et al., Appellants,
v.
THE SAN DIEGO TRUST AND SAVINGS BANK, as Executor, etc., et al., Respondents.
Civ. No. 3983. 
California Court of Appeals. Fourth Dist. 
July 11, 1950.
 Wm. D. Morrison for Appellants.
 Whelan & Whelan, Vincent Whelan, George H. Stone and Glen H. Munkelt for Respondents.
 MUSSELL, J.
 The last will and testament of Alice M. Parker, deceased, was admitted to probate in the county of San Diego on August 13, 1948. The decedent, by this instrument and three codicils thereto, disposed of her own estate and of a trust estate created by the last will of Myron T. Gilmore, over which Alice M. Parker had power of appointment and of testamentary disposition.
 In the Parker estate, a United States tax return was filed, in which both properties of Alice M. Parker and the Gilmore trust were included and a federal estate tax was assessed thereon as a unit. *394
 The third codicil to the will of Alice M. Parker, as far as applicable here, provides as follows:
 "First: That paragraph 'Sixth' of my said Will be revoked and in lieu thereof I provide:"
 " 'Sixth:' Every legacy, bequest, devise and interest given under this Will or any Codicil to it, and any property passing in the probate of my estate or by reason of my death, shall be delivered free from all Federal Estate Tax and all Inheritance taxes imposed by any state, territory, or district of the United States. Such taxes shall be paid out of the residue of my estate."
 The trial court, in its decree settling first account, petition for instructions and order for ratable distribution, ordered "that the Federal Estate Tax paid in the sum of $11,521.82 and any additional federal estate tax that may be found due should, by reason of the gift of tax contained in Paragraph 6 of said Will, as amended by Third Codicil, be paid out of the so-called Parker Estate property."
 The appellants, residuary beneficiaries of the estate of Alice M. Parker, appeal from the quoted portion of the decree.
 The question here presented is whether the trial court properly interpreted the quoted provision of the third codicil of the Parker will.
 The will of Myron T. Gilmore was admitted to probate in San Diego County June 23, 1939. By the terms of this instrument, a greater part of the decedent's property was given and devised to the San Diego Trust and Savings Bank, in trust, to pay from the net income $250 per quarter to each of two beneficiaries for a period of two years and the entire net income was made available for distribution, except for the two beneficiaries, to Alice M. Parker during her lifetime. She was given power to convey the corpus and remainder of said property to such person, persons or charity and in such a way or manner as she should direct in and by her last will and testament, if any. In accordance with the terms of the will, the trustee paid the income and also a part of the corpus of the trust property to Alice M. Parker during her lifetime.
 Subsequent to the death of Myron T. Gilmore, Alice M. Parker made her will on February 26, 1943, in which she disposed of her real and personal property and in the fifth paragraph thereof exercised the power of appointment and made distribution of the trust estate, as authorized under the Gilmore will, disposing of the entire trust estate. In the sixth paragraph of the Parker will it was provided that: "Every *395 legacy, bequest, devise and interest given under this Will or any Codicil to it, shall be delivered free from inheritance taxes imposed by any state, territory or district of the United States. Such taxes shall be paid out of the residue of my estate."
 The inventory and appraised value of Alice M. Parker's estate was $40,405.25, which, when standing alone, was not sufficient in amount to be subject to a federal estate tax. The Gilmore trust property had an inventory and appraised value of $272,508.54 and the aggregate value of the two properties was used as a base upon which the federal estate tax was exacted pursuant to the provisions of the United States Internal Revenue Code.
 Appellants' position is that, under the circumstances, the federal estate tax should be borne by the Gilmore trust property and the Parker estate property in proportion to the net assets of each of said properties.
 It is admitted that the federal estate tax is one imposed on the privilege of transfer rather than on the right of succession and that the tax is computed on the basis of the value of the unit of the two properties.
 As is argued by appellants, the Gilmore trust property, over which decedent Alice M. Parker exercised the power of appointment by virtue of the Gilmore will, was not part of her property nor any part of her estate. (Estate of Bowditch, 189 Cal. 377, 380 [208 P. 282, 23 A.L.R. 735]; Estate of Newton [fn. *](Cal.App.), 210 P.2d 551.) In the Bowditch case, at page 380, the court said:
 "When a donor gives to another power of appointment over property, the donee of the power does not thereby become the owner of the property. The donee has no title whatever to the property. The power is simply a delegation to the donee of authority to act for the donor in the disposition of the latter's property. (Citing cases.)"
 In support of their contention that the federal estate tax should be borne proportionately to the net assets of each of the estate properties here involved, appellants rely principally on the holdings in three New Jersey cases: (1) Fidelity Union Trust Co. v. Suydam, 125 N.J.Eq. 458 [6 A.2d 392, 396]; (2) Palmer v. Palmer, 135 N.J.Eq. 516 [39 A.2d 438]; and (3) Phraner v. Stone, 137 N.J.Eq. 284 [44 A.2d 504]. The *396 language used in these cases relative to the payment of taxes was not as inclusive and specific as that used in the instant case. In the Fidelity case, the testatrix provided that her executor pay from the residue of her estate all inheritance or estate taxes, both state and federal, levied or assessed "against gifts herein made" and it was held that the testatrix did not intend her express direction to pay taxes to cover so much of the federal estate tax as related to appointed property distributed under the will.
 In the Palmer case, the will provided that "all estate, legacy, transfer, inheritance and succession taxes which may be imposed chargeable or payable upon my estate, or any legacy, bequest or devise herein, ... shall be a charge against and shall be paid from my residuary estate." It was there held that the taxes therein mentioned included only taxes upon property passing by the will itself, and excluded all taxes upon property forming the subject matter of inter vivos trusts set up in the will.
 In the Phraner case, the language used by the testatrix was as follows: "I direct that all inheritance or transfer taxes levied against my estate or any portion thereof shall be paid out of my residuary estate." The court held that in disposing of her own estate, the testatrix did not intend by her direction in her will to pay taxes to cover that part of the federal estate tax relating to appointed property.
 [1] In the instant case, the language used by the testatrix was that every bequest, devise and interest given under the will and any property passing in the probate of her estate or by reason of her death should be delivered free from all federal estate tax and all inheritance taxes imposed by any state, territory or district of the United States and that such taxes should be paid out of the residue of her estate. The language used may reasonably be said to include every legacy, bequest, devise and interest given under the will and any property passing in the probate of her estate or by reason of her death, including the appointive property disposed of in the will, and to mean that the appointive property was to be distributed free from the federal estate tax. Furthermore, there is no statement that the federal estate tax should be borne by the Gilmore trust property. All taxes were, by specific direction, to be paid out of the residue of the estate.
 The court, in the Phraner case, supra, in commenting on the Fidelity and Palmer cases and others in New Jersey, stated that in each instance where the question had been presented, *397 the courts of that state had decided the same by ascertaining the intention of the decedent. In the instant case, the intention of the testatrix expressed by the language of her will, particularly the quoted language in the third codicil relative to paragraph sixth of the will, is determinative of the controversy before us.
 As was said in Estate of Major, 89 Cal.App. 238, at page 241 [264 P. 542]:
 "Primarily it may be said that in the construction of wills the cardinal rule to be observed is to ascertain the intent of the testator, and if that intent can be clearly conceived, and is not contrary to some positive rule of law, it must prevail. In the ascertainment of this intent, however, courts cannot make a will for a testator or attempt to improve upon the will which the testator actually made. It follows that a testator's intention must in all cases be ascertained from the words which he employs in his will, together with such extrinsic evidence as may be admissible. The question always before the mind of the court is not what the testator should have meant to do, or what words did he mean to use, but what did he mean by the words which he actually used."
 This rule is approved in Estate of Bourn, 25 Cal.App.2d 590, 602 [78 P.2d 193].
 Where the language is clear and unambiguous, the courts have no power to speculate as to the testator's intention. (Estate of Hartman, 21 Cal.App.2d 266, 270 [68 P.2d 744].) In the instant case, in determining the intention of the testatrix, consideration must be given to the enactment of section 970 of the Probate Code, which became effective August 4, 1943, after the execution of the original will of Alice M. Parker and before the execution of the third codicil on December 10, 1946. Said section provides in part as follows:
 "Proration of amount of tax paid. Whenever it appears upon any accounting, or in any appropriate action or proceeding, that an executor, administrator, trustee or other fiduciary has paid an estate tax to the federal government under the provisions of any federal estate tax thereof, ... upon or with respect to any property required to be included in the gross estate of a decedent under the provisions of any such law, the amount of the tax so paid, except in a case where a testator otherwise directs in his will ... shall be equitably prorated among the persons interested in the estate to whom *398 such property is or may be transferred or to whom any benefit accrues."
 Applying the provisions of said section to the instant case, the question here is whether the testatrix has "otherwise directed" in her will.
 In the Estate of Hotaling, 74 Cal.App.2d 898 [170 P.2d 111], the court, in commenting upon the effect of the words "except in a case where a testator otherwise directs in his will," stated, at page 901:
 "The statute simply provides for proration 'except in a case where a testator otherwise directs in his will.' Any language fairly indicating that he does not intend proration would suffice, without further elaboration 'as to which legatees or devisees shall be charged,' for as long as it is clear that he 'otherwise directs,' the tax burden will remain, in any given case, where it has always rested, i.e., on the corpus or residue."
 In her will of February 26, 1943, Alice M. Parker made no provision for the payment of any federal tax and no reference was made to such taxes. At that time section 970 of the Probate Code was not in effect. When the third codicil was executed on December 10, 1946, the federal estate tax would, by operation of law, be equitably prorated among the persons interested in the estate, unless the testatrix "otherwise directed." This she did, by providing that all taxes, including the federal estate tax, were to be paid out of the residue of her estate. In order to free the legacies, bequests, devises and interests given under the will from the federal estate tax, the provision for payment thereof out of the residue of the estate must be given effect. The words "any property passing in the probate of my estate or by reason of my death, shall be delivered free from all federal estate tax" are all inclusive and are sufficient to show that the testatrix intended that her residuary estate should bear all such taxes. Instead of contemplating proration, these words "otherwise direct." (Estate of Hotaling, supra, p. 902.)
 In Isham v. New York Ass'n., 177 N.Y. 218 [69 N.E. 367], under a will creating a trust, the beneficiary was empowered to dispose of the property by will and gave the same to various charitable institutions and directed her executor, after the payment of numerous bequests, to pay out of the residue any inheritance taxes due on any of the legacies, whether to the state or federal authorities. It was held therein that the various dispositions of the trust estate constituted legacies *399 and that the transfer taxes were payable out of the residuary estate. The court there said, on page 368 [69 N.E.]:
 "Whether we regard the intention, as exhibited by the comprehensiveness of the language used by the testatrix in directing the payment of 'any and all transfer or inheritance taxes' out of her residuary estate, or whether we regard the effect and nature of the exercise by her of the power of appointment, it must be very clear that the appointees of the fund were to take their shares thereof without diminution through imposition of federal or state taxes upon the transfer. It may be true that they take under the execution of the power of appointment, and therefore through a source of title emanating from the will of this testatrix's father; but that does not affect the question presented, which is whether, in exercising the power, she has made a gift or a legacy to the extent of its exercise. ... The effect of conferring a general power of appointment is to invest its donee with a power of disposition as broad as though she was disposing of her own property. In its exercise she in fact makes a gift or bequest to persons of her own selection."
 When the construction given an instrument by a trial court appears to be reasonable and consistent with the intent of a party, appellate courts will not substitute another interpretation thereof though it seems equally tenable. (Estate of Boyd, 24 Cal.App.2d 287, 290 [74 P.2d 1049]; Kautz v. Zurick Gen. A. & L. Ins. Co., 212 Cal. 576, 582 [300 P. 34]; Estate of Duraind, 51 Cal.App.2d 206, 210 [124 P.2d 330].)
 The trial court held that the third codicil to the Parker will directed the payment of the federal estate tax from the estate of Alice M. Parker as distinguished from the Gilmore trust estate and we cannot say that its interpretation was unreasonable. Under the circumstances here presented, such interpretation is binding upon us.
 Decree affirmed.
 Barnard, P. J., and Griffin, J., concurred.
NOTES
[fn. *] *. A hearing by the Supreme Court was granted on Dec. 15, 1949, and the final opinion of that court is reported in 35 Cal.2d 830.