[Civ. No. 8422.   Third Dist.   May 25, 1954.]

Estate of CAROLINE ALLEN, Deceased. GEORGE ALLEN et al., Appellants, v. CLARENCE FERRETTI, Respondent.

Lewis, Lewis & Lewis, Ralph H. Lewis, Pierce Deasy and C. J. Goodell for Appellants.

Neumiller, Ditz, Beardslee & Sheppard, Gard Chisholm, Irving L. Neumiller and William E. Seigert for Respondent.

PEEK, J.—This is an appeal by George Allen and Mildred Allen Swift, legatees under the will of Caroline Allen, deceased, from a decree determining interest in said estate made pursuant to a petition under Probate Code, section 1080.

Appellants are the natural children of decedent and her deceased husband, George Edward Allen, who died intestate March 18, 1934. Respondent is the decedent's son by prior marriage. At the time of his death, the bulk of George Edward's estate consisted of 666⅔ shares of Allen Estate Company. By the terms of the decree of distribution made therein, 186⅔ shares of said stock were distributed to each of the appellants, and to the decedent herein. In addition thereto testatrix received 106⅔ shares of said stock which were determined by the court to be the community property of herself and her deceased husband. On August 6, 1934, during the pendency of the probate proceeding in the estate of George Edward, the decedent herein made her will wherein she stated that: ". . . during all of the years since then [1898] he [Clarence Ferretti, respondent herein] has been mutually accepted as a son by G. E. Allen, who frequently during his lifetime stated that Clarence Ferretti was to share equally with his own children, George Allen and Mildred Swift, in the division of his estate." The testatrix then went on to say that she was advised that because George Edward died without leaving a will, then under the law of succession of this state the respondent would not be entitled to share in his estate, and the whole thereof would be distributed entirely to herself and her two other children, appellants herein. She further stated that, ". . . under the circumstances . . . it is unjust and inequitable that my son Clarence Ferretti shall receive nothing from the estate of my husband and [I] therefore make this will in order to correct this unjust situation." She then made alternative provisions that if the property

were determined to be the separate property of her husband, and if distribution were made to herself and appellants herein in equal one-third shares, then ". . . I give, devise and bequeath the entire one-third share which I shall receive . . . to my son Clarence Ferretti, and for the reasons stated above I give nothing to my two other children, George Allen or Mildred Swift." But if the court determined that a portion of George Edward's estate was his separate property and the remainder thereof their community property, then in that event ". . . I give, devise and bequeath to my son Clarence Ferretti, out of the share of the property which shall come to me, regardless of whether the same comes to me as my interest in the community or as my interest in the separate property of my husband, the same number of shares of the capital stock of Allen Estate Company as shall be distributed by the Court in these probate proceedings of my husband's estate to my other two children, George Allen and Mildred Swift. In the event that the determination of the Court described in this paragraph shall result, I give, devise and bequeath all of the rest, residue and remainder of my estate in equal shares and proportions to my three children, Clarence Ferretti, George Allen and Mildred Swift." After so disposing of her entire estate testatrix stated as a final expression of her wishes that, "It is my intention that as a result of this will, my son Clarence Ferretti shall receive exactly the same share and interest in the assets of the estates of my husband and myself as shall be received by my other children George Allen and Mildred Swift."

Following the admission of decedent's will to probate, respondent filed a petition pursuant to Probate Code, section 1080, to determine the interests of himself and appellants in the estate. A statement of facts setting forth their claims was filed by each. Respondent claimed that in view of the expressed intentions of decedent in her will, the federal estate tax must be paid out of the residue of decedent's estate; and appellants claimed that said tax should be ratably charged against all parties under Probate Code, section 970, including a pro rata charge against the specific bequest of the 186⅔ shares to respondent. Thereafter the court by its order determined that by the terms of said will the whole of said estate was devised as follows:

"One hundred Eighty-six and two-thirds (186⅔) shares of the capital stock of the Allen Estate Company to CLARENCE FERRETTI;

"All of the residue of said estate, after payment of the

Federal Estate Tax therefrom, to CLARENCE FERRETTI, GEORGE ALLEN, and MILDRED SWIFT, share and share alike, that is, in equal amounts in value to each.''

It is appellants' contention that the court erred in failing to prorate the federal estate tax in accordance with the provisions of section 970 of the Probate Code. This is true, they say, since by her will testatrix failed to ''otherwise direct'' in clear and explicit terms that the federal estate tax be paid from the residue of her estate.

The pertinent portion of said section 970 is that:

''. . . the amount of the tax [federal estate tax] so paid, *except in a case where a testator otherwise directs in his will.* . . . shall be equitably prorated among the persons interested in the estate to whom such property is or may be transferred or to whom any benefit accrues.'' (Emphasis added.)

Two basic questions are thus presented: (1) What was the intention of the testatrix as expressed in her will (Prob. Code, § 101); and (2) if she intended complete equality among her three children, did she otherwise direct that the estate tax not be prorated among the beneficiaries of her will but that it be paid out of the residue of her estate.

■ As the trial court observed in its memorandum opinion, it appears the provision in her will that respondent should receive exactly the same share and interest in the assets of her husband's estate as well as her own, as might be received by her other children (the appellants herein), ''. . . is a clear statement of her intention as to what her three children should receive.'' In further discussing the question so presented, the trial court noted that if the federal estate tax were prorated among the three children, respondent would be compelled to pay a substantially greater tax than either of the appellants. The court also noted that by reason of the fact that respondent received nothing from the G. E. Allen estate and that appellants had received the rents, issues and profits on their distributive shares for several years, it would be an added reason in support of her intention that the federal estate tax should not be prorated.

Appellants, however, first argue that the equality desired by the testatrix between her children was not as to the federal estate tax but was in respect to the number of shares each would eventually hold in the Allen Estate Company; and secondly, that the language used was not sufficiently clear and explicit direction to avoid the proration provided in said section 970.

We conclude as did the trial court that the holding in *Estate of Hotaling,* 74 Cal.App.2d 898 [170 P.2d 111], is equally applicable here. There the will was executed prior to the enactment of section 970. Although the will did not specifically refer to federal estate taxes, it did direct that inheritance taxes be paid out of the residue ". . . so that said bequests . . . shall be paid and delivered in full and without deduction." The probate court ordered that the federal estate tax be prorated in accordance with section 970. In reversing that order the district court held that: "Any language fairly indicating that he does not intend proration would suffice, without further elaboration 'as to which legatees or devisees shall be charged,' for as long as it is clear that he 'otherwise directs,' the tax burden will remain, in any given case, where it has always rested, i.e., on the corpus or residue." Furthermore, said the court: "Under the law then in effect in this state, which must be referred to and consulted in arriving at a testator's intention [citing cases and authorities], a testator would have had to make a special direction to lift the burden of inheritance taxes from individual legacies; but not so as to federal estate taxes, for they were not then spread or prorated." Hence, as the court noted in the Hotaling case, if distribution had been made when the will herein was made, the result would have been precisely the same as the order actually made by the court herein. In a later case, *Estate of Pearson,* 90 Cal.App.2d 436 [203 P.2d 52], this court held that a devise of realty " '. . . free and clear of all liens of any kind and character and description, . . . if there are any such liens at the time of my death . . .' " meant that the beneficiary was to receive the property clear of federal and state inheritance taxes. We further held in the Pearson case that failure to express one's desires with legalistic nicety "should'not be allowed to defeat what appears to this court to have been the clear intent of the testator. . . ." (See also *Estate of Parker,* 98 Cal.App.2d 393 [220 P.2d 580].)

After noting the Hotaling case and its interpretation of section 970, the trial court herein properly concluded that:

"Taking the will of the decedent herein by its four corners, I am satisfied that the testator has clearly expressed the intention that Clarence Ferretti should receive the interest devised to him as if, in the Hotaling case, it was said that the interest would be paid and delivered in full and without

deduction. If there was proration in this case, the intention of the testator would not be carried out.''

We are convinced as was the probate court that the intent of the testatrix was to provide a disposition, not only as to the shares of stock in the Estate Company but of her entire estate, so that the end ''result'' of her will would be that all of the children, as she stated, would receive ''exactly the same share and interest in the assets of the estates of my husband and myself.'' Bearing in mind that in addition to the above, the will was executed in 1934, approximately nine years prior to the enactment of section 970, we conclude as did the trial court that the testatrix fairly indicated her intention not to prorate the federal estate tax.

The decree is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied June 22, 1954, and appellants' petition for a hearing by the Supreme Court was denied July 21, 1954.