132 Cal.App.2d 476 (1955)
Estate of FLORENCE MacALPINE McAULIFFE, Deceased. THE FIRST CHURCH OF CHRIST, SCIENTIST, in Boston, Massachusetts, Appellant,
v.
FIRST TRUST & SAVINGS BANK OF PASADENA, as Trustee, etc., et al., Respondents.
Civ. No. 20744. 
California Court of Appeals. Second Dist., Div. Two. 
Apr. 21, 1955.
 Lindstrom & Bartlett and Arthur W. Eckman for Appellant.
 James W. Hickey, Walter H. Miller, Myron Siedorf, John Mellen, Campbell, Smith & Campbell, Robert B. Campbell and William B. Etheridge for Respondents.
 FOX, J.
 This is an appeal by The First Church of Christ, Scientist, of Boston, Massachusetts, from two orders of the probate court: (1) determining residuary interest under will and overruling objections to inheritance tax report; and (2) fixing inheritance tax.
 Testatrix, a widow, made her will in May, 1952, and passed away the following October. She left surviving no children or lineal descendants. Her nearest relatives are two cousins. The will was probated in November, 1952. The estate was appraised at more than $500,000 and consists principally of cash and securities.
 Paragraph First of testatrix' will reads as follows:
 "First: I direct that my Executor hereinafter named, shall pay all my funeral and last illness expenses as soon after my demise as may be convenient, and all Federal estate and State inheritance or estate taxes, it being my direction that *478 all expenses and taxes payable by reason of my demise, be paid by my estate and not chargeable to the beneficiaries."
 By paragraph Fourth of her will testatrix incorporated therein specific bequests of household furniture, furnishings, jewelry, and wearing apparel to twelve designated persons. The total appraised value of these items is $3,605.40. Each has been distributed to the specific legatee and this appeal does not affect those gifts.
 The other dispositive provisions of the will, by separately numbered paragraphs (seven through ten) give the remainder of her estate and property over which she had power of appointment to the following legatees in the proportions indicated:
 Tabular Material Omitted
 Federal estate tax in excess of $90,000 has been paid by the executor. This proceeding was brought to determine before final distribution the impact or ultimate thrust of death taxes.
 In the orders appealed from the court found: "that by the provisions of said Testatrix' will she intended to and did provide that the Federal Estate Tax be paid by her estate and be not prorated among the beneficiaries; that the proportionate shares of the residuary beneficiaries in the residuary estate be determined and based on the residue remaining after the payment of Federal Estate Taxes; and that the Testatrix by her will provided that there be no proration of Federal Estate Taxes among the beneficiaries." As a consequence of this finding the court ordered "that the Federal Estate Tax, as the same may be finally determined, be paid by the Executor from said estate; that the residue of said estate distributable to the residuary beneficiaries be determined after deduction of Federal Estate Taxes; and that the Federal Estate Taxes shall not be prorated among the residuary beneficiaries."
 Only one of the charitable beneficiaries has appealed from these orders.
 The question here is: Was the trial court correct in holding that the testamentary direction "that all expenses and taxes payable by reason of my demise, be paid by my estate *479 and not chargeable to the beneficiaries" fairly indicated an intention that taxes be paid from the estate and that they not be prorated or directly charged against the beneficiaries? The position of the trial court must be sustained.
 Section 970 of the Probate Code provides that when an executor has paid a federal estate tax "upon or with respect to any property required to be included in the gross estate of a decedent" under the provisions of any federal estate tax law, the amount of the tax so paid, except in a case where the testator otherwise directs in his will (and except in specified cases not here material) "shall be equitably prorated among the persons interested in the estate to whom such property is or may be transferred or to whom any benefit accrues." The problem here then is one of construction of paragraph First of the testatrix' will. In other words, does the direction of the testatrix that "all expenses and taxes" that accrue because of her passing "be paid by my estate and not chargeable to the beneficiaries" present a situation "where a testator otherwise directs in his will" as to the payment of estate taxes so as to take the case out of the proration provision of section 970 of the Probate Code? To accomplish this result no specific language or formula is necessary. [1] Any language that clearly shows that the testator does not intend proration is sufficient. (Estate of Hotaling, 74 Cal.App.2d 898, 901 [170 P.2d 111].) The intention of the testator is the controlling factor. [2] Such intention must be derived "from the language of the will, where it is clear." (Estate of Phelps, 182 Cal. 752, 756 [190 P. 17]; Estate of Watson, 32 Cal.App.2d 594, 598-599 [90 P.2d 349].) There is also the legislative injunction that "The words of a will are to receive an interpretation which will give to every expression some effect. ..." (Prob. Code, 102.)
 With these principles in mind, we must now examine the language the testatrix used and ascertain what she meant by what she said. [3] At the outset it will be observed that the testatrix placed "expenses and taxes" payable by reason of her passing in the same category. (Italics added.) This she was privileged to do. (Estate of Atwell, 85 Cal.App.2d 454, 460 [193 P.2d 519].) She thereupon directed that these items "be paid by my estate." She then adds, pointedly, that such payments are "not chargeable to the beneficiaries" under her will. The testatrix has thus given her executor a single direction with respect to expenses and taxes, and placed both on the same footing. The language *480 she has used is simple, clear and specific. There can be no doubt about the testatrix' intention that her estate is to pay "all expenses and taxes" when she directs that these items "be paid by my estate." Then she proceeds to tell her executor that he is not only to pay these items but that they are not to be charged to the beneficiaries. That direction, too, is simple, clear and specific. Thus both expenses and taxes are to be paid by and charged to the estate under the testatrix' direction in her will. [4] It is a matter of common knowledge that funeral and last illness expenses, administration and other expenses, are paid out of the estate. [5] By placing death taxes in the same category, as "all expenses" and giving a single direction as to the payment and charging of all such items, the testatrix makes her intention clear that proration was not intended. She has otherwise directed within the meaning of section 970 of the Probate Code.
 [6] Appellant takes the position that the testatrix intended to direct that proration of taxes should not be applied to the beneficiaries of the 12 specific bequests, thereby shifting to the residue as a whole the burden of death taxes. It then argues that these taxes must be borne solely by the non-charitable residuary beneficiaries since the amount that goes to the charitable institutions is deducted from the estate in computing the tax. Hence the charitable bequests do not contribute in any way to the creation of such taxes but in fact serve to reduce the amount thereof.
 This argument is fallacious for two reasons: (1) It attributes to the testatrix an intention which she did not express in the language she used in her will. It would mean the insertion of the word "specific" before the word "beneficiaries" in the testatrix' direction not to charge expenses and taxes to "the beneficiaries." This is not what she said in her will. She made no distinction between specific and residuary beneficiaries. She placed all beneficiaries in the same category, referring to them as "the beneficiaries." To read into this clear and unambiguous direction of the testatrix a qualification that is not therein stated would involve rewriting the will and frustrating the testatrix' expressed intent. This the courts cannot and will not do. Furthermore, appellant's position is negatived not alone by the direction of the testatrix not to charge taxes to "the beneficiaries" but by her further express direction that they should be paid by her estate. (2) Since the testatrix has unequivocally directed that the estate taxes should be paid from the estate and not chargeable to any beneficiaries as such, *481 the proration provisions of section 970 are rendered inoperative. (Estate of Hotaling, 74 Cal.App.2d 898 [170 P.2d 111].) In that case, the court stated (p. 901): "The statute simply provides for proration 'except in a case where a testator otherwise directs in his will.' Any language fairly indicating that he does not intend proration would suffice, without further elaboration 'as to which legatees or devisees shall be charged,' for as long as it is clear that he 'otherwise directs,' the tax burden will remain, ... where it has always rested, i.e., on the corpus or residue." (Emphasis added.) [7] This being so, the inheritance tax appraiser was clearly correct in deducting the federal estate tax from the residuary estate before determining the residuary shares. (Estate of Bauer, 59 Cal.App.2d 152, 159-160 [138 P.2d 717]; Rogan v. Taylor, 136 F.2d 598.
 Estate of Bauer, supra (hearing denied), is squarely decisive of the issue here involved and provides a complete answer to appellant's contention that the entire tax should be paid from the share of the noncharity residuary beneficiaries alone. In the Bauer case, two-thirds of the residuary estate was to go to one individual and the remaining one- third to a tax-exempt charity. One of the questions on appeal was whether the federal estate tax was to be deducted before determining the amount of the distributable estate. There, as here, no proration statute was involved. The charity argued that inasmuch as its bequest was exempt from the federal estate tax and was not, therefore, a responsible cause of the estate tax imposed, the entire tax should be assessed on the individual's share. It argued that to deduct the tax out of the estate would have the practical effect of reducing its distributive share though it was an exempt institution and did not contribute to the imposition of the tax burden. This argument was rejected by the court, which held in accordance with the prevailing rule, absent an applicable proration statute, that the "federal estate tax is a charge against the whole estate, is in the nature of an expense of administration, and is one of the items to be deducted from the gross estate in determining the amount of the distributable estate." (P. 160.) In the course of arriving at this holding, the court stated (pp. 158-159): "... In the case of Young Men's Christian Assn. v. Davis, (1924) 264 U.S. 47 [44 S.Ct. 291, 68 L.Ed. 558], the residue of an estate, after specific bequests, was given to a charitable institution and the question was whether the estate tax should be paid from the specific bequests or from the *482 residuary estate. The residuary legatees contended that since the tax was upon the net estate and since the charitable bequests were excluded from the net estate, Congress could not have intended that the tax should be paid out of the very gifts which, by federal statute, were excluded from the net estate and that the purpose of Congress was to exempt the charitable beneficiaries from the tax. The federal statute then under consideration (Revenue Act of 1918, 40 Stats. at L. 1057, 1096), was substantially the same as the present statute insofar as it related to the present question. The court stated, in an opinion by Chief Justice Taft, at page 560 [68 L.Ed.]: 'What was being imposed here was an excise upon the transfer of an estate upon death of the owner. It was not a tax upon succession and receipt of benefits under the law or the will. It was death duties as distinguished from a legacy or succession tax. What this law taxes is not the interest to which the legatees and devisees succeeded on death, but the interest which ceased by reason of the death.' ... 'Congress was thus looking at the subject from the standpoint of the testator, and not from the immediate point of view of the beneficiaries. It was intending to favor gifts for altruistic objects, not by special exemption of those gifts, but by encouraging testators to make such gifts. Congress was in reality dealing with the testator before his death. It said to him: 'If you will make such gifts, we'll reduce your death duties and measure them not by your whole estate, but by that amount, less what you give.' ... 'There is nothing in subdivision (3) of section 403 which exempts the recipients of altruistic gifts from taxation; it only requires a deduction of them in calculating the amount of the estate which is to measure the tax. It exempts the estate from a tax on what is thus deducted ...' (Italics added.)" This states the law here applicable. The testatrix was obviously aware that the taxes here in question would be collectible from the share of the persons who received the bequests, and wishing to prevent the brunt of such taxes from falling on her relatives and friends alone, directed that the estate pay the taxes and that none of the beneficiaries be directly charged. The determination below is in exact accord with the testatrix' general and specific intent as disclosed by the scheme and language of her will.
 Appellant makes reference to Estate of Buckhantz, 120 Cal.App.2d 92 [260 P.2d 794]. No claim is made that the Buckhantz case is decisive of the issue here involved, nor could such claim legitimately be advanced. In that case, all the *483 property in which decedent had an interest belonged to the community. The will purported to dispose of all such property to various legatees, including the decedent's widow, sister and others, and required the widow to elect whether she would take under the will or under "the rights ... given her by law." The widow accepted the provisions of the will. The will made no provision or direction regarding payment of the federal estate tax. Upon appeal, the court affirmed an order directing the executor to exclude the widow's community interest in the estate from its computation when prorating the amount of the federal estate tax apportioned to the beneficiaries. The court noted that it would be paradoxical to require the widow to pay a tax on that property merely because she elected to receive it under the will rather than as her share of the community property, since only one-half of the community property was required to be included in the decedent's gross estate. In addition, the effect of the proration provisions of the Probate Code was there involved. The Buckhantz case holds that under the California proration statutes, estate taxes are apportioned only among those interested in the estate who receive property which has been included in the taxable estate, thus excluding from proration those whose bequests or devises have not been included in determining the amount of the tax. Such a rule is just, since proration statutes seek to achieve an equitable apportionment among those takers whose gifts create the tax thrust. This is the object reflected in section 972 of the Probate Code which reads: "In making a proration allowances shall be made for any exemptions granted by the act imposing the tax and for any deductions allowed by such act for the purpose of arriving at the value of the net estate." (Emphasis added.) [8] But that is not the situation in the case at bar, since the testatrix has by direction in her will expressly precluded the application of the proration statutes and has designated the estate as the source of payment of the taxes. The court's function is to effectuate such direction against proration. (Estate of Hotaling, supra.) This the trial court has properly done. (Estate of Bauer, supra.)
 Appellant relies on In re Bayne's Will, 102 N.Y.S.2d 525, In re Pratt's Estate, 123 N.Y.S.2d 425, and In re Campe's Estate, 205 Misc. 699 [129 N.Y.S.2d 362]. None of these cases is helpful, for the direction by the testator in each was less comprehensive and less specific than in the instant matter. The direction in the above cases was simply that the *484 taxes be paid out of the general or residuary estate. None of them has the further direction that such payments are "not chargeable to the beneficiaries." Appellant also relies on In re Pepper's Estate, 307 N.Y. 242 [120 N.E.2d 807]. Paragraph Third of the will in that case, standing alone, doubtless contained a clear direction against apportionment of taxes, but when read in conjunction with other paragraphs there were apparent contradictions which created uncertainty and ambiguity relative to just what the will meant on the subject of taxes. No such situation is present in the instant case.
 The orders are affirmed.
 Moore, P. J., and McComb, J., concurred.