154 Cal.App.2d 24 (1957)
315 P.2d 451
Estate of ANNA REGAN WILSON, Deceased.
THE FIRST NATIONAL TRUST AND SAVINGS BANK OF SAN DIEGO, as Executor, etc., et al., Petitioners,
v.
MARY STAR OF THE SEA CATHOLIC CHURCH OF LA JOLLA, Appellant; MARION R. KANE, Respondent.
Docket No. 5804.
Court of Appeals of California, Fourth District.
September 20, 1957.
Martin & Martin for Appellant.
Eugene A. Horton for Respondent.
GRIFFIN, Acting P.J.
There is no conflict in the evidence. This matter comes to us on an agreed statement. It involves the question whether a direction in a will that "all inheritance, succession and estate taxes, Federal or State, upon any transfers of property included in my gross estate for the purpose of determining such taxes, which shall become *25 payable by reason of my death, shall be paid out of my residuary estate" constitutes a direction against equitable proration of death taxes within the meaning of section 970 of the Probate Code so as to require that the share of the residue of the estate which is left to a charity be computed after, instead of before, deduction of such taxes.
Anna Regan Wilson died August 31, 1955. The will was dated June 11, 1954. A codicil was dated August 12, 1955. Contest of the codicil was filed by Gladys H. Daniels and subsequently dismissed. The estate was valued at $199,190.75 on February 27, 1956, and payments on account of inheritance taxes in the sum of $12,631.58 were paid by the executor. The federal estate tax return disclosed a tax due in the sum of $22,624.95.
Article Ninth of the will, as modified by the codicil, made several specific legacies and bequests, and the testatrix left the residue of her estate to the following persons and institutions in the following proportions:

 Ralph Wilson ....................... Stranger 5%
 Walter Wilson ...................... Stranger 5%
 Miss Jessie Wilson ................. Stranger 15%
 Mary Star of the Sea
 Catholic Church .................. Charity 10%
 Mrs. Marion Kane ................... Niece 65%

Article Second of the will directed that all inheritance, succession and estate taxes, as above indicated, be paid out of the residuary estate. It is appellant's (charity's) contention that it should first take its 10 per cent free and clear of all taxes mentioned in Article Second of the will and that the proration statute, in the absence of any contrary direction in the will, expresses a general state policy directing the executor to pay the federal estate tax and to fix the impact of the tax upon each beneficiary's share of the property that has contributed to the tax, citing sections 970-977, Probate Code; section 13842, Revenue and Taxation Code; section 2055, Internal Revenue Code; Estate of Cushing, 113 Cal. App.2d 319 [248 P.2d 482]; Estate of Buckhantz, 120 Cal. App.2d 92, 100 [260 P.2d 794]; In re Pepper's Estate, 307 N.Y. 242 [120 N.E.2d 807]; Estate of McAuliffe, 132 Cal. App.2d 476 [282 P.2d 541]; and cases cited therein.
The trial court determined that appellant's share of the residue of the estate should be computed after deduction of all death taxes instead of before such deduction, and particularly found that it was the intent of the testator, in employing *26 the wording found in said Article Second of the will, that all taxes on all legacies, specific and residuary, should first be paid out of the residue of the estate before division of the residue could be made for distribution purposes; that appellant, one of the residuary legatees, was not entitled to take 10 per cent of the residue of the estate of said decedent before the payment of all such taxes.
[1] It is the claim of objector Marion R. Kane, that although section 970 of the Probate Code does provide that under certain circumstances the tax should be equitably prorated, nevertheless she argues she comes within the exception provided by said section, i.e., "except in a case where a testator otherwise directs in his will." The court found that the testatrix especially stated in her will that "all" death taxes "upon any transfers" should be paid out of the residuary estate, and placed the construction on that provision that all taxes should first be paid out of the residuary estate before the percentage distribution of it was made. The intention of the testator must be carried out. Since the trial court gave this interpretation to the will and since it reasonably appears to be consistent with such intent, the appellate court should not substitute another interpretation, although it seems equally tenable. (Estate of McAuliffe, 132 Cal. App.2d 476, 479 [282 P.2d 541]; Estate of Parker, 98 Cal. App.2d 393, 399 [220 P.2d 580].) Here, the testatrix made no distinction between residuary and specific legatees, and flatly stated that all death taxes upon any transfers were to be paid out of her residuary estate. See also Estate of Hotaling, 74 Cal. App.2d 898, 901, where it is said, at page 901 [170 P.2d 111]:
"... The statute simply provides for proration `except in a case where a testator otherwise directs in his will.' Any language fairly indicating that he does not intend proration would suffice, without further elaboration `as to which legatees or devisees shall be charged', for as long as it is clear that he `otherwise directs,' the tax burden will remain, in any given case, where it has always rested, i.e., on the corpus or residue." The court disposed of authorities of outside jurisdictions saying: "`each case depends upon its own peculiar facts ... very little aid can be procured from adjudged cases in the construction of wills.'"
Order affirmed.
Mussell, J., concurred.
Appellant's petition for a hearing by the Supreme Court was denied November 13, 1957.