[Civ. No. 20654.    First Dist., Div. Two.    Dec. 14, 1962.]

Estate of LUCIA K. BALLARD, Deceased. FRANK BAL-
LARD, as Executor, etc., Objector and Appellant, v.
LUCY WEARE, Petitioner and Respondent.

800

Ernest Spagnoli and Frank J. Fontes for Objector and Appellant.

Donnell B. McCarthy for Petitioner and Respondent.

KAUFMAN, P. J.—This is an appeal by Frank Ballard, the husband of the decedent and life tenant of the disputed property, from two probate orders in favor of the respondent, Lucy Weare, a niece of the decedent and the remainderman of the property. The first order approved and adopted the report of the referee that the disputed real property and its contents were the separate property of the decedent; the second order granted respondent's motion to compel the sale of assets to pay the expenses of administration and inheritance taxes. Appellant contends that: the first order is void as the court lacked jurisdiction, as well as its being based on hearsay and contrary to the evidence. As to the second order, appellant contends that the order is premature, contrary to the best

interest of the estate, and erroneous, as the inheritance tax cannot be charged against the corpus, but should be apportioned between the life tenant and the remainderman. There is no merit in any of these contentions.

The decedent, Lucia K. Ballard, died testate on April 17, 1960. Her entire estate consisted of the disputed real property at 2610 California Street in San Francisco, the house thereon and its contents, used as an apartment house. The will provided that the entire estate was devised to the respondent, subject to a life estate in favor of the appellant. Appellant was appointed one of the executors of the will and filed his first report and petition for distribution on May 29, 1961, alleging that he owned an undivided one-half interest in the property. By stipulation of the parties, the matter was referred to Probate Commissioner Eugene H. O'Donnell who heard testimony on July 3, 1961. On July 13, the referee filed his recommendation that the court find that the entire estate of Lucia K. Ballard was her separate property and that the appellant had no interest therein. Subsequently, respondent filed her petition to sell the assets of the estate in order to pay the expenses of administration, funeral expenses, inheritance taxes, and other similar proper charges against the estate. The appellant filed his objections to the report of the referee and to the respondent's petition to compel the sale. The probate court subsequently heard the matter, adopted the report of the referee, granted respondent's petition, and entered the orders which are the subject of this appeal.

The evidence adduced at the hearing before the probate commissioner established that the appellant and Lucia K. Ballard were married on October 10, 1924. The property was acquired by the decedent on February 25, 1927, and title was taken in her name alone. The title remained in the sole name of the decedent until her death 33 years later. The sister of the decedent, Margaret Nugent (the mother of the respondent), testified that the California Street property was purchased for $7,000, which the decedent had received from the estate of their parents in San Salvador. Appellant testified that the property was community property, was acquired for $7,000 ($2,500 of his wife's separate funds, $3,000 of his own separate funds, and $1,500 borrowed community funds), and maintained with community funds, but was always kept in his wife's name for business reasons so that the house could not be attached by his business creditors. He also testified that his wife claimed the property was not community, and testified

that he had no business except managing the apartment house, and had always worked for wages. Appellant also could not substantiate his claimed payments on the property or the source of his separate funds which he contributed toward the purchase price of the property.

Section 164 of the Civil Code provides, so far as relevant: ". . . whenever any real or personal property, or any interest therein or encumbrance thereon, is acquired by a married woman by an instrument in writing, the presumption is that the same is her separate property. . . ." The trial court apparently concluded that appellant did not produce a sufficient quantum of evidence to overcome the presumption of section 164, *supra.*

Appellant argues, however, that the finding of the referee was based entirely on the inadmissible hearsay evidence of Margaret Nugent. Appellant relies on subsection 4 of section 1870 of the Code of Civil Procedure, which limits the evidence to the acts and declarations of a deceased person done or made against his interest in real property. ▮ Appellant's objection as to that portion of Mrs. Nugent's testimony relating to the amount of money she and her sister received from the estate of their parents and that each one purchased a home in San Francisco is not well taken, as this was a matter of her own knowledge, and not based on the acts or statements of the decedent. ▮ The remainder of Mrs. Nugent's testimony relating to the declarations of the decedent in relation to the will is not a declaration against interest and, therefore, hearsay. ▮ However, the appellant did not object to this testimony at the hearing and it is well established that hearsay admitted without objection is evidence sufficient to sustain a verdict or findings (*Powers* v. *Board of Public Works,* 216 Cal. 546 [15 P.2d 156]; *Parsons* v. *Easton,* 184 Cal. 764 [195 P. 419]; Witkin, Cal. Evidence, § 204, p. 231). ▮ While appellant is correct in stating the rule that uncorroborated testimony of declarations of a decedent should be received with caution and is the weakest kind of evidence, such evidence will support a finding in accordance with the declaration when corroborated by other evidence (*Estate of Connors,* 53 Cal.App.2d 484 [128 P.2d 200]). ▮ Here, the state of the title, the presumption raised by section 164 of the Civil Code, and appellant's own testimony that his wife did not consider the property community, corroborate Mrs. Nugent's testimony and are alone sufficient to support the trial court's finding. ▮ " ' . . . a finding of a trial court that property is either

separate or community in character is binding and conclusive upon the appellate court, if it is supported by sufficient evidence, or if it is based on conflicting evidence or upon evidence that is subject to different inferences. . . .' " (*Estate of Cummins,* 130 Cal.App.2d 821, 827 [280 P.2d 128].)

We note that although in this state, a husband and wife may, by simple agreement, convert separate property into community, and persuasive evidence of such agreement will rebut any presumption arising from the form in which the title is held (*Estate of Cummins, supra,* p. 828), appellant's theory of the case was not based on the existence of any such agreement, but on the community status of the property because of his investment of labor therein, and on the theory that from the date of purchase, he had a separate interest in the property because his separate funds constituted a portion of the purchase price. We think the record at most reveals a conflict in the evidence. Where there is evidence in the record giving substantial support to the findings attacked, we are not at liberty to disturb such findings (*Estate of Kane,* 80 Cal.App.2d 256, 266 [181 P.2d 751]).

Having concluded that there is substantial evidence in the record to support the finding that the property was separate, it follows that the decedent was entitled to dispose of the property as she wished by will (Prob. Code, § 20). Thus, we need not concern ourselves with appellant's argument that the probate court lacked jurisdiction to determine title (see also *Wilson* v. *Superior Court,* 101 Cal.App.2d 592, 594 [225 P.2d 1002]).

We turn now to the appellant's contention relating to the second order granting the respondent's petition to compel the sale. Appellant's main argument is based on the first report and final account of the executors which requested that the court order that the sum of $4,554.03 paid out and advanced by the appellant be paid one-half by the appellant and one-half by the respondent and that the respondent also pay whatever inheritance tax may be due from her. The respondent's verified petition indicates that the amount of inheritance taxes due against her remainder interest is $398.34. Appellant argues that the court cannot order the sale of the property in order to pay the inheritance tax out of the corpus and that the second order is premature as no accounting has been had, and opposes the sale which will extinguish his life estate. The record indicates that at the July hearing, the parties had some hope of settling their

differences as to the payment of the inheritance tax. While it is unfortunate that the parties have not been able to resolve their differences, the order to sell is in conformity with section 14124 of the Revenue and Taxation Code which provides that the tax shall not be charged against the transferee but paid out of the corpus, and section 14127 of the Revenue and Taxation Code which specifically authorizes the sale of the decedent's property to pay the taxes and other debts, as well as sections 750 and 758 of the Probate Code.

Orders affirmed.

Shoemaker, J., and Agee, J., concurred.