[Civ. No. 61971. Second Dist., Div. Five. June 30, 1982.]

Estate of PRISCILLA KOLDA, Deceased.
JOAN L. DAVIS, as Executrix, etc., Petitioner and Appellant, v.
MARY ANN IRWIN, Objector and Respondent.

COUNSEL

Breidenbach, Swainston, Yokaitis & Crispo and Donald F. Yokaitis for Petitioner and Appellant.

Bacon & Hamilton and Robert L. Bacon for Objector and Respondent.

OPINION

ASHBY, J.—Joan L. Davis, as executrix of the estate of Priscilla Kolda, deceased, appeals from an order of the probate court. Decedent died April 23, 1978. Her holographic will disposed of her house as follows: "My property shall go to Joan Davis, a friend, as long as she wishes to live here. Should she decease or not live at the premise of 1077 Alta Pine Lane, Altadena, it will revert to my sister, Mrs. Mary Ann Irwin [respondent]." Certain additional language in the will, which authorizes Joan Davis to sell the property, was excised from the will by order of the court on February 20, 1979, upon a stipulation settling a

will contest. That order provided: "That JOAN DAVIS shall have an estate for life in the real property commonly known as 1077 Alta Pine Lane, Altadena, California, but without any power of sale of said property, and subject to her promptly paying and discharging any and all obligations for taxes, repairs, maintenance, assessments, insurance, together with both principal and interest on any mortgage on the property." That order further provided for division of the furniture and other property of the estate, between Joan Davis and Mary Ann Irwin.

On April 4, 1980, appellant, as executrix of the estate, filed a "PETITION FOR DETERMINATION OF ENTITLEMENT TO DISTRIBUTION OF ESTATE" in which she alleged that the estate did not have sufficient cash to pay its debts and requested that appellant as executrix be authorized to sell the real property and to distribute the proceeds, after payment of estate obligations, 80 percent to Joan Davis and 20 percent to Mary Irwin, based upon the actuarial tables used by the California inheritance tax referee in valuing the relative interests of Davis and Irwin in the real property. Respondent Irwin objected, and after a hearing, the court denied the petition. This appeal is taken from the order denying the petition.

Appellant's claim that the liabilities of the estate exceed its cash assets depends upon her assertion that the estate is liable to reimburse Joan Davis and Mary Irwin for $8,322 in inheritance taxes which had been paid by Davis and Irwin. The trial court found that "Petitioner [Davis] voluntarily paid the inheritance taxes assessed against her in the sum of $7,134.00, and did not dispute the amount of the tax or her liability therefor. [¶] Objector [Irwin] voluntarily paid the inheritance taxes assessed against her in the sum of $1,188.00 and did not dispute the amount of tax or her liability therefor. [¶] The estate may or may not have sufficient funds on hand or determined to be due the estate from petitioner to pay all costs of administration and claims excluding the inheritance taxes which were voluntarily paid by petitioner and objector . . . ." The court concluded that appellant could file a petition for authority to sell real estate and that if it was shown in such proceeding that it was necessary to sell the property to pay estate liabilities then the matter of distribution of the proceeds could be determined. The effect of the court's order was to instruct the executrix that there was no validity to the assertion of liability for reimbursement of inheritance taxes. (See Prob. Code, § 1240, subds. (*l*), (m).)

DISCUSSION

This proceeding is not, as claimed by respondent, inconsistent with the determination in the will contest that the will did not give specific authority to Joan Davis to sell the property. The prior determination involved Davis in her individual capacity as life tenant. In this proceeding, on the other hand, she acts in her capacity as executrix and asserts her power and duty to sell estate property where necessary to pay estate debts. (Prob. Code, §§ 750, 758; Rev. & Tax. Code, § 14127; *Estate of Ballard* (1962) 210 Cal.App.2d 799, 803-804 [26 Cal.Rptr. 832].)

Appellant's declaration in support of her petition states her theory as to why the estate is liable to reimburse Davis and Irwin for inheritance taxes paid: "6. Declarant was age 45 at the date of death of the decedent, Priscilla Kolda, April 23, 1978 and the inheritance tax appraiser, in the determination of inheritance tax due concerning this estate, determined and computed that Joan L. Davis, the declarant and life estate tenant of the property, has a life expectancy that translates to an 80% interest in the property and that the remainderman, Mary Ann Irwin, the sister of decedent, has a 20% interest in the property and the inheritance tax appraiser accordingly proceeded to determine inheritance tax on the basis of 80% to Joan L. Davis and 20% to Mary Ann Irwin. [¶] 7. No funds of the estate have been used to pay inheritance tax and the declarant and Mary Ann Irwin did each pay the inheritance tax concerning their interest, namely, $7,134.00 by declarant and $1,188.00 by Mary Ann Irwin and it has been determined by declarant that the Revenue & Taxation Code Section 14124 requires that the estate must pay the inheritance tax in this situation, and therefore is obligated to reimburse declarant and Mary Ann Irwin in the amounts they each respectively paid on account of inheritance tax."

In usual circumstances, the transferee is liable for payment of the California inheritance tax, and the executrix must collect the tax from the transferee or deduct it from the transferee's share of money. (Rev. & Tax. Code, §§ 14101, 14121.) However, there is an exception to this rule, in Revenue and Taxation Code section 14124 which provides: "Where a transferor has given one person any right, interest, or estate for life or for a term of years, and another person the remainder over, in the same property, the executor, administrator, or trustee shall pay the tax on each transfer out of the corpus of the property. The tax shall not be charged against the right, interest, or estate of, nor shall it be

collected from, either transferee." (*Estate of Setrakian* (1959) 169 Cal.App.2d 795, 806 [338 P.2d 247]; *Estate of Steele* (1980) 113 Cal.App.3d 106, 114-115 [169 Cal.Rptr. 635].)[1]

■ With the benefit of hindsight it appears that the estate should have paid the inheritance tax pursuant to Revenue and Taxation Code section 14124. However, the fact remains that the tax has already been paid by Joan Davis and Mary Irwin. At this particular stage it is not necessary to sell estate assets in order to pay the tax. (See Rev. & Tax. Code, § 14127.) Now the question is not whether the tax will be paid, but whether there is a liability of the estate to reimburse Davis and Irwin for their having paid the tax. The trial court found as a fact that Davis and Irwin "voluntarily paid the inheritance taxes ... and did not dispute the amount of the tax or her liability therefor." There is no evidence that Mary Irwin demands such reimbursement. In fact there is no evidence that Joan Davis, as an individual, has demanded such reimbursement. The declaration in support of the petition simply states that "it has been determined by declarant that the Revenue & Taxation Code Section 14124 requires that the estate must pay the inheritance tax in this situation."[2] In the absence of a demand by Davis and Irwin to be reimbursed, the trial court could conclude that the obligation of the estate had been voluntarily assumed by them. This was a question of fact for the trial court to decide. We are bound by the trial court's findings of fact where there is substantial evidence to support the findings.

One can easily imagine a situation in which a life tenant would voluntarily assume such obligation for the very purpose of preventing a forced sale "which will extinguish his life estate." (*Estate of Ballard, supra*, 210 Cal.App.2d at p. 803.) A life tenant, particularly one with a less than absolute life estate which continues only so long as he lives on the property (*Forrest* v. *Elam* (1979) 88 Cal.App.3d 164, 170 [151 Cal.Rptr. 591]), might well take steps to prevent forced sale and permit continued enjoyment of the life estate, rather than take his chances on what the probate court, exercising its broad equity powers, might deter-

---

[1] According to one commentator, "Obviously there is no certainty that the life tenant will live out his allotted span or that he will not exceed his life expectancy, or, for that matter, that the remainderman will live to take even though the remainder be vested. This uncertainty is the reason for holding the corpus liable for the tax rather than the transferees." (Cal. Estate Administration (Cont.Ed.Bar 1959) § 17.49, p. 471.)

[2] At the hearing in the trial court, counsel for appellant argued in effect that his firm misadvised the executrix by applying the general rule that normally each transferee pays a pro rata share of the inheritance taxes.

mine was a reasonable sum for the satisfaction of such an estate upon a forced sale. (See *Estate of Giacomelos* (1961) 192 Cal.App.2d 244, 247 [13 Cal.Rptr. 245, 19 A.L.R.2d 956]; *Forrest v. Elam, supra*, at 88 Cal.App.3d pp. 170-173; Code Civ. Proc., § 873.840.)[3]

We conclude therefore that the trial court was within its discretion in ruling that the liabilities of the estate do not include reimbursement to Davis and Irwin of inheritance taxes voluntarily paid by them. If the liabilities of the estate, exclusive of such reimbursement, presently exceed the cash assets, and the executrix believes sale of the property is necessary, she can of course file an appropriate petition with the trial court.

The order appealed from is affirmed.

Stephens, Acting P. J., and Hastings, J., concurred.

---

[3]Thus, contrary to appellant's contention, the fact that Joan Davis paid 80 percent of the inheritance tax does not mean she would get 80 percent of the proceeds on a sale of the property. The court would determine what was a just and reasonable sum for satisfaction of the extinguished life estate. Appellant attempts to distinguish *Forrest v. Elam, supra*, 88 Cal.App.3d 164, and Code of Civil Procedure section 873.840 on the ground that they involve partition of property. But in *Estate of Giacomelos, supra*, 192 Cal.App.2d 244, the court said that upon a forced sale of the property by eminent domain, the probate court in exercising its equity power as to distribution of the proceeds as between the life tenant and remainderman should be guided by the partition provisions from which section 873.840 is derived.